## OF THE

## Supreme Court of Florid,

### AT

## MARCH TERM, 1855,

## HELD AT TAMPA.

---

BENJAMIN HAGLER, APPELLANT VS. JOHN MERCER APPELLEE.

1. Where a plea is required to be verified by an affidavit, the failure to append the affidavit, is not a ground of *demurrer*. The subject can be taken advantage of, only by motion to the Court to set aside the plea, or to sign judgment as for want of a plea.

2. The twenty-fourth section of the act of November 23d, 1828, (Thomp. Dig. 331,) is restricted to pleas alleging a *want* of consideration, and does not apply where the allegation is a *failure* of consideration.

3. And even where the *want* of consideration is pleaded, the only effect of that section is to change the burthen of proof. The defendant may still plead a

want of consideration, without verifying his plea by an affidavit ; but in such case, he takes upon himself the *onus probandi,* as he formerly did at common law.

Appeal from a judgment of the Circuit Court, for Hillsborough County.

*James Gettis,* for Appellant.

*J. B. Lancaster and Glover,* for Appellee.

DuPONT, J.

This was an action of assumpsit, brought in the Circuit Court of Hillsborough County, by the respondent, against the plaintiff in error, upon a promissory note. The defendant below filed a plea, in which he alleges a total *failure of consideration.* To the plea there was a demurrer, and the special ground therein assigned was, that the plea was not put in on oath, as required by the statute. The demurrer was sustained and judgment final was entered for the plaintiff. From this ruling of the Court, the defendant appealed, and the only point presented for our adjudication is in regard to the correctness of that ruling.

The first question that arises upon the consideration of this demurrer is, whether the objection to the plea is such an one as may be reached by demurrer.

There are some well founded objections to pleadings which cannot be the ground of demurrer; such are principally the non-compliance with some rule of practice, not affecting the substance of the pleading. Thus in the English Courts, under the operation of the new rules, if the *venue* be repeated in the body of the declaration, the defendant cannot on that account demur, but if taken advantage of, it must be by motion to strike out the objectionable venue. So also an inaccuracy in the form of commencing

a declaration, is not ground of demurrer.    1 Chitty's Pleading, 662.

The point under consideration not unfrequently arises in the English Courts, under the operation of the statute of 4 Ann., C., 16, S., 11, which provides that " no dilatory plea shall be received in any Court of record, unless the party offering such plea, do by affidavit prove the truth thereof," &c.    In such case, if the party fail to support his plea by affidavit, the invariable practice is, to treat the plea as a *nullity* and sign judgment, or to move the Court to set it aside.    1 Chitty's Pleading, 462.    As the demurrer admits the *facts* pleaded, and merely refers the question of their *legal sufficiency* to the decision of the Court, we are very clearly of the opinion that the objection made to the plea, can be taken advantage of *only by motion to strike out*.    This point was not noticed at the argument, but as a matter of practice, we esteem it of sufficient importance to be settled.

The next point arising in the case, and which indeed was the only one argued at the hearing, involves the construction to be given to the twenty-fourth section of the act of November 23d, 1828, (Thomp. Dig., 331 Art., 1 Par. 4,) which provides that it shall not be necessary for the plaintiff to prove the execution of any bond, note or other instrument of writing, purporting to have been signed by the defendant nor the consideration for which the same was given, unless the same shall be denied by plea, put in and filed as aforesaid, that is, " put in on *oath*, and filed before the cause is called on the appearance docket."

It is contended for the respondent, that under the operation of this provision of the statute, the plea in this case,

Hagler *vs.* Mercer.—Opinion of Court.

alleging a *failure* of consideration, ought to have been verified by an *affidavit*, and that without such affidavit, it was wholly defective as a defence. This provision of the statute, has never, heretofore, received an authoritative adjudication, but upon a careful consideration of the subject, we have no hesitancy in deciding that the position urged, cannot be maintained. It will be perceived by reference to the phraseology of the section, that the requirment of the oath is confined to a plea denying the "*execution*" of the instrument, or the "*consideration*" for which it was given. In other words, the plea is required to be verified by oath, when it alleges that there was *no* consideration; but the same requirment is not applicable, where it simply alleges that the consideration had *failed*. And we think that there were sound reasons for thus restricting the application of the section. In the majority of cases, it would be extremely difficult for the holder of these instruments, to prove affirmately, the consideration for which they were given, (as he would have been required to have done at common law, except in the case of bonds,) but not so as to the *failure* of the consideration, that is a matter much more easily proved, and therefore the statute left it as it stood before the passage of the act. By the 3d and 4th Ann, promissory notes and bills of exchange were made negotiable, they imported a consideration, and it was not necessary that the holder should prove the same. If the maker desired to attack the considera-

44

tion, he must do so by an affirmative plea, alleging either a *want* or *failure* of the same, and he thereby took upon himself the *onus probandi*. Our statute has modified the common law rule upon this subject, so far as it relates to the want of consideration, but has not altered it where the defence is a *failure* of consideration. But even in the former case, the only effect of the statute is to change the burthen of proof; the defendant may still plead the want of consideration, without being required to verify his plea by oath, but in such case, he takes upon himself the burthen of proof, as he formerly did at common law.

It is true that in the *proviso* to the twenty-fourth section, it is said "that nothing in this act shall prevent an executor or administrator from denying the execution aforesaid, or from pleading a want or *failure* of consideration, if he shall give in writing, reasonable notice of such intention to the plaintiff," his agent or attorney, and this proviso has been construed to exempt them from the operation of the requirment contained in the body of the section, which imposes the necessity of an oath. From this it has been urged that the section was intended to apply as well to the plea of a *failure* as of a want of consideration; but the statute being in derogation of the common law, although partaking somewhat of a remedial character, it must not be so construed as to enlarge its operation.

Let the judgment be *reversed,* and the cause remanded

to the Court below, for such further proceedings not inconsistent with this opinion, as may be appropriate.