THE STATE OF FLORIDA EX REL. WILLIAM KIRK, VS. A. E. MAXWELL, JUDGE OF THE CIRCUIT COURT.

1. The question, whether a return to an alternative writ in a mandamus proceeding should be sworn to, is not raised by a demurrer thereto. The remedy in a case where a pleading should be sworn to and is not, is a motion to strike it out.

2. The proceeding to disbar an attorney is special, of a summary character, and as to methods of practice and pleading, is not controlled by the same rules in every respect, that prevail in ordinary common law actions. One of the respects in which it thus differs is that a replication to the answer to the rule to show cause is unknown to such proceeding. Upon the coming in of such answer the motion of the movant is to make the rule absolute, and that of the respondent is to discharge the rule, and the introduction of testimony is proper without a replication.

3. Where a respondent to such rule submits the case upon the filing of his answer by stating through his counsel that it was all that he had to submit in the case, and the party representing the rule in submitting the case says to the Judge, that the evidence for the petitioner is mostly in the files of your court, that and some letters of the respondent I will furnish, and all of the record evidence, and two letters from the relator to his wife, written by him to her in reference to the loss of the papers in a divorce suit, instituted by his wife against him, which papers were last traced to his possession, and the writing of which letter he did not deny, were furnished to the court by the petitioner, and the proceeding to disbar was principally based upon judicial proceedings in which the relator was a party, and the records of which were to be found upon the files of the court, and the respondent in his answer to the rule to disbar admitted the acts principally charged against him by making the records which contained them exhibits to his answer, the court properly treated as evidence such records.

4. This court will not interfere with the action of the Circuit Court in the matter of summary proceedings to disbar an attorney upon the ground that its conclusions as to the testimony are erroneous, unless a plain case of wrong and injustice is shown. The State *ex rel.* Wolfe vs. Kirk, 12 Fla., 278, referred to and approved.

5. In this case the attorney had received from the files of the court the papers in a divorce suit instituted by his wife against him, and while he admitted their loss or destruction by a friend, he failed to account for them, even to the extent of giving the name of this friend. He, also, during the progress of the suit for divorce, repeatedly accused the chancellor of being one of an alleged combination against him to control his property, averring substantially that his wife did not institute the suit for divorce of her free will or desire, but was induced so to do by a combination of persons, one of whom he averred the chancellor was. The chancellor in his presence disavowed any such conduct. The attorney offered no proof of his charge, but persisted in it. Under such circumstances the court properly disbarred the attorney, such action being necessary to preserve its own respect and to enforce respect from, and proper conduct on the part of its officers.

This is a case of original jurisdiction in the Supreme Court.

The facts are sufficiently stated in the opinion.

*John A. Henderson* and *Wm. Kirk*, in *pro per.*, for Relator.

*J. E. Yonge*, for Respondent.

Mr. Justice Westcott delivered the opinion of the court.

This is a proceeding by mandamus wherein the relator seeks a peremptory writ to restore him to the office, rights and franchises of an attorney and counsellor at law and solicitor in chancery, of which he has been deprived by the judgment of the Circuit Court of the State of Florida for the First Judicial Circuit. The alternative writ alleges that this judgment was rendered " without due hearing and contrary to the forms of practice and the laws of the State," and of the Judge rendering the judgment that it was " in neglect of his duty in the premises as such Judge ;" that the said Judge did in a spirit of prejudice and antagonism to petitioner prosecute and conduct said suit and file and give testimony in the same, and did determine the same contrary to the law and the facts in neglect of and in violation of his duty ; that in the spring of 1880 the said Judge, upon the petition of J. P. Jones, issued a rule to petitioner to show cause why he should not be disbarred (a copy of which is made an exhibit); that petitioner on rule day made full answer to said petition and rule in a written answer sworn to and filed, and submitted the same without argument ; that no replication was made or issue joined thereon ; that the case as submitted on petition and answer was continued from term to term ; and as this petitioner believed and was informed that his answer was sufficient in the premises, he gave no attention to the case until informed on the streets of Pensacola that said

Judge had entered the decree against him ; that several weeks after the entering of said decree petitioner learned that said Maxwell had filed and given some testimony in the case, to-wit : that he had filed two letters obtained from the wife of petitioner and a certificate of his own ; that it does not appear when the same was filed in the case, the minutes stating " that on another day came the court and filed the following testimony, &c. ;" that, as will appear from the decree, it was based upon said testimony and certificate of said Judge of which petitioner had no knowledge until as stated ; that it is not true, as recited in said decree, that petitioner submitted said testimony if that be implied by " submitted by counsel of respective parties ;" " that after he submitted his answer to the rule he had no counsel, the record shows none, and none were authorized to act for him in such submittal of case or testimony, and that in fact no such submittal was made and petitioner had no knowledge of testimony, hearing or decree until after decree ; that said letters submitted by the court could have been explained as not applicable to the case, and said certificate of the court could have been shown to be incorrect ; that said A. E. Maxwell was not under oath when he gave said testimony, but was in a high state of prejudice against petitioner." A certified copy of the record of the judgment disbarring the relator is made an exhibit to the petition for mandamus.

To the foregoing alternative writ respondent answers : That it is not true, as alleged in the petition, that respondent entered a decree disbarring petitioner without due hearing and contrary to the forms of practice, and that the facts are that the petitioner, by R. L. Campbell, Esq., attorney-at-law, presented his answer in open court at the Spring Term, 1880, and had the same filed April 29th, and that the said Campbell, as attorney, then and there

submitted said answer, expressly stating that it was all that the petitioner had to submit in the case, and the case was then and there submitted for decision, both sides stating that they did not desire to make argument, whereupon respondent, as Judge, then and there said, " let me have the papers and the evidence, gentlemen," or words to that effect ; that the petitioner in that case, J. P. Jones, Esq., then and there said, " the evidence for the petitioner is mostly in the files of your court, that and some letters of respondent (Kirk) I will furnish, or words to that effect ;" that the case was thereupon taken under advisement by respondent and so held until the adjournment of the term which was shortly afterwards ; but being then unable to announce a decision for want of time to consider the matter sufficiently, respondent continued the case; that at the next term of the court (February, A. D. 1881,) being adjourned Fall Term, the case being still under advisement, the decree referred to by petitioner was rendered ; that it is not true, as petitioner alleges, that respondent " did in a spirit of prejudice and antagonism to him prosecute said suit and file and give testimony in the same ;" that respondent did not prosecute the case at all, nor did he give any testimony in it; that he acted solely as Judge and court, and he hopes and believes that he is incapable of conducting any suit as Judge in a spirit such as the petitioner wrongly attributes to him in that case ; that as to the filing of any testimony respondent says that all the evidence, including the letters referred to, was furnished him with the papers by the petitioner in that case, J. P. Jones, Esq., at or about the time the case was submitted to respondent for decision as hereinbefore stated, and that upon rendering the decree against petitioner herein respondent returned to the clerk the papers in the case with the evidence furnished as aforesaid, accompanied by a memorandum of the evidence made

and given to me by said J. P. Jones, Esq., at the time he furnished the evidence as aforesaid, said memorandum being in his handwriting, and to which I attached my certificate merely to show what evidence was before me as is often done in similar circumstances; that the certificate of the clerk hereto attached marked "A" as a part hereof will explain to your honors how the language used by him in reference to the evidence came to be used, and may possibly explain also how the petitioner came to be misled in his charge against me as to giving and filing evidence, there being no other foundation for such a charge. Respondent says also that the foregoing statements cover all the other allegations of petitioner material to be answered; and he submits that they show sufficient cause to entitle respondent to be hence dismissed without further answer. But your respondent out of abundant caution begs to submit for further cause the papers and evidence marked 1, 2, 3, 4, 5, 6, 7, 8 and 9, on which he acted in rendering the decree disbarring petitioner, except that as to the answer to the rule for contempt, a certified copy instead of original is given here as paper marked 4, and as to his answer in divorce suit of Kirk vs. Kirk, which was filed after the answer to the rule had been endorsed by me denying fully the charges made against me, and which substantially repeated the charges, respondent gives a copy marked exhibit "C" attached to his answer in the disbarment case.. And respondent submits that the said papers and evidence show ample cause why the petitioner should not be restored to his office of attorney-at-law.

To this return the relator files a demurrer and sets up for grounds of demurrer—

First, That it does not contradict or impair the legal force of a single allegation in the alternative writ.

Second, That it is argumentative and does not take issue on any material allegation in said writ.

Third, That it does not show cause why said writ was not obeyed.

Fourth, That it is not sworn to.

This is the case as presented by the alternative writ, the return and demurrer thereto, except that we have not deemed it necessary to insert the exhibits filed by the parties—by the relator with his petition, and by the respondent with his return, &c. We refer to them subsequently.

That a plea or return is not sworn to, is not a ground of demurrer.

The remedy in a case where such verification is required, and whether it is necessary here or not we do not decide, as it is unnecessary, is by motion to strike out.

This point of practice was settled in this State in the case of Hagler vs. Mercer, 6 Fla., 344. By reference to the alternative writ the allegation here is that the judgment was entered without due hearing, and contrary to the forms of practice. The want of conformity to the rules of practice is alleged to have been that no replication was filed to the answer to the rule to show cause. This is not denied by the answer, and the record shows such to be the fact. Without deciding whether, if such a replication was necessary, a want of it in a case of this character would entitle an attorney to restoration to the rolls, other things being regular, and a case of improper conduct being shown, it is clear that in a proceeding of this character a replication to the answer to the rule is unknown.

The proceeding to disbar an attorney is special, of a summary character, and as to the method of practice and pleading is not controlled by the same rules in every respect that an ordinary common law action is, and one of the respects in which there is a difference, is that a replication to an answer is unknown to such proceeding.

Upon the coming in of an answer in a proceeding of this

character, the motion of the movant is to make the rule absolute, and that of the respondent is to discharge it, and the introduction of testimony is proper without any further pleading. Says Lord Tenterden in Ex-parte Bayley 9, B. and C., 691, in speaking of the jurisdiction of courts in the matter of the control of attorneys, "The court exercises a jurisdiction over attorneys, and that is to be exercised according to law and conscience, and not by any technical rules." Ex-parte Brownsall, 2 Cow., 289 ; 1 Yerger, 231 ; Tom. Law Dic., 593 ; 22 Ark., 157 ; 36 N. Y., 651. As a matter of course he is entitled to notice, and to a hearing if he desires to be heard. Here the relator abandoned the case upon the filing of this answer.

The view of the relator here, that the matter upon the coming in of the answer was not in issue, is therefore erroneous, and the only questions which remain to be considered are the regularity of the introduction of the evidence, and whether a case is made where the court has decided erroneously upon the testimony, and a plain case of wrong and injustice is shown.

We had occasion in the case of the State of Florida ex rel. J. Dennis Wolfe vs. William Kirk, 12 Fla.. 278, to examine this whole subject, and our views at length may be seen by reference to that case.

The return to which this demurrer is interposed, and which we must take to be true, states the facts to be that the relator was represented by counsel who presented his answer, and stated that it was all that the relator "had to submit in the case," that the Judge then said : "Let me have the papers and the evidence, gentlemen," whereupon J. P. Jones, Esq., representing the rule, said, "the evidence for the petitioner is mostly in the files of your court, that and some letters of the respondent, I will furnish ;" and that "all the evidence, including the letters referred to

(meaning thereby two letters from the relator to his wife in reference to the loss of the papers in a divorce suit, instituted by his wife against him), was furnished to the court with the papers by the petitioner in that case.

The petition which was the basis of the proceeding to disbar was based upon judicial proceedings in which the relator was a party, and the record of which was to be found upon the files of the court, the petition setting up that " all of said matter will appear in the records on file " in the Circuit Court Clerk's office.

It is thus seen that the relator here was by the petition advised of the nature of the accusation and of the evidence proposed to be introduced to establish it, and that such evidence was in the records of the court.

In addition to this the respondent in his answer to the petition to disbar him admitted that he made the charge of combination and other matters as hereinafter stated by making the records which contained them exhibits to this answer.

We can discover nothing irregular in the practice here followed. The court acted for the most part upon the admissions of the relator himself. This brings us to the consideration of the charge and the evidence which was made the basis of the judgment disbarring the relator. The judgment of the court and its recitals are as follows: " This case coming on to be heard on petition, answer and evidence, and having been submitted by counsel of the respective parties without argument, and it appearing to the court that the papers in the case of Georgianna E. Kirk vs. William Kirk were taken from the office of the clerk of this court by the respondent after said case was set for final hearing and have not been returned, and that he has given no satisfactory excuse for not returning said papers, and that his character as an attorney is not relieved of

blame because said papers were taken from the office by him as ' respondent ' in said cause and not in his capacity of attorney ; and it further appearing that in answer to a rule for contempt in a new suit between the said G. E. Kirk and the respondent now pending in the court the respondent did charge the Judge of this court with improper complicity with the said G. E. Kirk and others in the bringing of said suit, and when in open court the said Judge demanded to know of respondent whether said charge was made by him in said answer the respondent then acknowledged and persisted in said charge ; and further, after the said Judge had endorsed on said answer a full denial of said charge, that the respondent did substantially repeat the same in his answer to the bill of said G. E. Kirk in the suit aforesaid." Then follows the formal part of the judgment.

Upon an examination of the record it appears to fully sustain the recitals of this judgment. A suit had been instituted by the wife of the relator against him to obtain a divorce. In the relator's answer he charged that the suit was not instituted by his wife of " her free will or desire, but by a combination of persons for the purpose of injuring this respondent, and to settle and adjust property relations of said wife in disregard of facts and law of the case and of the injury it would inflict upon the heretofore good name of respondent, and of the legal stigma it would fasten upon the name of his innocent and helpless child, and which said combination, as heretofore named and set forth, did influence and coerce my said wife into bringing this suit, and that aside from said combination and influence she is to me a loving wife, and to her said child a loving mother.

"That the following persons, some from premeditated will and others from acquiescence, form said combination, and took part and influenced same in manner here-

after set forth, to-wit: A. E. Maxwell, Judge of the Circuit Court, J. P. Jones, attorney, G. O. Brosnaham, Isabella Brosnaham, brother and mother of wife, John Brosnaham, (brother) F. C. Brent and Mary Brent, his wife, (heir to estate) David Shuttleworth, (heir, &c.,) and B. F. Renshaw, son of my wife."

The Chancellor is here accused by the relator of joining and encouraging a combination against the relator to control property in which he claimed an interest. The evidence discloses further that the papers in the divorce suit which his wife had brought against the relator were removed from the files of the court by the relator and not accounted for when he was called upon to explain the loss. It was his duty, at least, to disclose the name of the person to whom he had entrusted the papers. The Chancellor and his authority were defied. The Judge disclaimed any combination of the character charged. There was no evidence of such combination, and the court was obliged to take such action as was necessary to preserve its own respect and enforce respect from its officers.

An investigation of this character is at no time pleasant, but our duty in this respect is not limited or controlled by the line of convenience or inclination. We do not see how the court could have well done otherwise than take the action it did.

The demurrer is overruled, the peremptory writ denied, and there will be judgment for the respondent.

At the same term, or a subsequent day, an order was made, on motion of relator, allowing him to file a " further pleading," and serve a copy of the same on respondent, and that respondent take issue thereon within five days from such service. Relator filed a paper setting up both a general and special replication, and respondent on March 13,

1882, joined issue on the general replication, and moved to strike out the special replication.

At the June Term, 1882, the case was dismissed, on motion of respondent, for want of prosecution and " at the cost of the petitioner." The motion for judgment of dismissal was on the ground that relator had taken no steps to prove his petition.