Treat, C. J. This was a proceeding by mandamus to compel the trustees of the Illinois and Michigan Canal, to erect a bridge over the canal in La Salle county. Upon a petition and accompanying papers, the Circuit Court directed an alternative mandamus to issue. The writ, after reciting the term of the Court and the names of the parties, proceeded to state, that the Court “did order that an alternative mandamus issue out of said Court, directed to and commanding the said trustees, that immediately upon the receipt of said writ, they cause a bridge of suitable dimensions to be built over the Illinois and Michigan Canal, at the centre east and west of section ten, township thirty-three north, of range three east of the third principal meridian, in said county, the said canal at that point obstructing a public highway; or that they show cause to the contrary, before our said Circuit Court. Mow, therefore, we, being willing that full and speedy justice be done in this behalf, as it is just, command you, the said Trustees, that immediately after the receipt of this writ, you cause the said bridge to be built, or that you show cause to the contrary,” &c. The writ was served on the Trustees, but they failed to make any return thereto, and the Court awarded a peremptory mandamus. The Trustees sued out a writ of error from this Court. It is insisted, that the alternative mandamus is too defective to sustain the judgment. An alternative mandamus becomes the foundation of all the subsequent proceedings in the case. It answers the same purpose as the declaration in ordinary actions. It must show on its face a clear right to the relief demanded by the relator. He must distinctly set forth all the material facts on which he relies, so that the same may be admitted or traversed. The defendant is called upon to perform the particular act sought to be enforced, or, by a return, deny the facts alleged in the writ, or state other matters sufficient to defeat the relator’s application. He is not required to answer the petition on which the writ is ordered. This is the well established practice in the proceeding by mandamus. The King v. The Bishop of Oxford, 7 East, 345; The King v. The Margate Pier Company, 3 Barnewell & Alderson, 220; Clarke v. The Company of Proprietors, 6 Adolplus & Ellis, N. S., 898; The Commercial Bank v. The Canal Commissioners, 10 Wendell, 26; The State v. Jones, 1 Iredell, 129; Hoxie v. The County Commissioners, 25 Maine, 333; The People v. Ransom, 2 Comstock, 490. In this case, the alternative mandamus is fatally defective. It does not set forth the facts on which the relators rely. It does not apprise the defendants of the grounds upon which the remedy is sought. They are not permitted to traverse a certain state of facts, or admit the same to be true, and set up new matter in avoidance. The writ simply commands them to perform a particular act, or furnish an excuse for not doing it. It is not sufficient to uphold the proceedings. The judgment has no basis on which to stand. The usual mode of taking advantage of a defective alternative mandamus, is by motion to quash. And that may be the only mode of reaching mere formal defects. But objections to substantial defects may be raised at any stage of the proceedings. This is like the case of a writ of error brought to reverse a judgment entered on a declaration showing no cause of action; or of a conviction on an indictment that does not charge the commission of an offence. The proceedings fall for the want of a proper foundation to sustain them. The following cases are in point, if authorities are needed in support of so plain a proposition. In the case of The King v. Overseers of Mallett, 5 Modern, 421, the writ was held ill after return made. In The King v. The Margate Pier Company, supra, the defendants were allowed to take advantage of a material defect in the writ, after their return was made. In Clarke v. The Company of Proprietors, supra, it was held by the Court of Exchequer, that, on demurrer to a traverse of the return to an alternative mandamus, the defendant might impeach the validity of the writ. In the case of The Commercial Bank v. The Canal Commissioners, supra, a demurrer to the return was carried back and sustained to the writ. It is not necessary to express an opinion on the question, whether the Trustees are bound to construct and maintain bridges across the canal. The judgment must be reversed, with costs, against the relators. Judgment reversed,.