THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
ORRIN MILLER

*v.*

RUFUS J. HARVEY.

THE SAME *ex rel.* FRANCIS BURNAP

*v.*

ORRIN MILLER.

1. ATTORNEYS AT LAW — *requirements as to their conduct.* When a clear case is made out against an attorney at law, of malpractice, or of conduct unbecoming an attorney and a gentleman, the court will visit upon him the heaviest punishment they can inflict. But the case must be clear, and free from doubt, not only as to the act charged, but as to the motive.

2. Members of the legal profession cannot be too circumspect in their conduct, nor can they claim immunity for acts which, though free from moral stain, yet sully their professional honor.

RULES were entered in this court against Rufus J. Harvey and Orrin Miller, attorneys at law, to show cause why their names should not be stricken from the roll of attorneys. The facts in relation to the application are presented in the opinion of the court.

Mr. D. P. JONES, State's attorney, for the relators.

PER CURIAM: On the eighth day of May, 1863, it being the April Term of this court, on the affidavit of Orrin Miller, a rule was entered against Rufus J. Harvey, an attorney of this court, requiring him to show cause why his name should not be stricken from the roll of attorneys, for the reasons stated in the affidavit. At the same term of this court Francis Burnap moved, on his affidavit, for a like rule against Miller. Returns were made to both rules, consisting of various affidavits, presenting much contrariety of testimony. The charges against each of these attorneys were malpractice. That against Harvey consisting in abstracting from the court-room, in the progress of a cause in which he was the attorney, a certain instruction which the court had refused to give the

jury on his application, and afterward denying that he had taken it. That against Miller was for abstracting a deposition from the files of the court, which Burnap had caused to be taken on his behalf in a case in the Circuit Court of Winnebago county, in the suit of Cook for the use of Miller, against him, Burnap. Harvey was the law partner of Burnap at this time. The charges are denied on oath, and no sufficient evidence *aliunde* is produced to prove them. There is, however, enough shown to satisfy us that neither of the parties charged has conducted himself with that scrupulous regard to propriety in his profession, its honorable nature requires of all engaged in it. They appear to be, though practicing at the same bar, at enmity with each other, and which has become implacable, and each seeks to deprive the other of the privileges attached to his enrollment as a member of the bar of this court. When a clear case is made out against an attorney of this court of malpractice, or of conduct unbecoming an attorney and a gentleman, we will not be slow to visit upon him the heaviest punishment we can inflict. But the case must be clear, and free from doubt, not only as to the act charged, but as to the motive. We are not satisfied in the case of Harvey, that his withdrawal of the refused instruction was from a bad motive, as we cannot see how he or his client could profit by it; nor can we see why Miller should withdraw and conceal the deposition in Cook's case for his use, since, on inspection of the deposition, a copy of' which is among the papers, it had no great tendency to injure the plaintiff's claim, or defeat a recovery by him.

We shall discharge the rule in each of these cases, with the remark, if these members of the bar are again charged with malpractice, or professional misconduct of any character, and the charge is established, they need not expect to escape punishment. Members of our profession cannot be too circumspect in their conduct, nor can they claim immunity for acts, which, though free from moral stain, yet sully their professional honor.

The rules will be discharged on payment of costs.

*Rules discharged.*