THE STATE OF FLORIDA EX REL. GEORGE P. FOWLER, RELATOR, VS. JESSE J. FINLEY, JUDGE OF THE FIFTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

1. Mandamus is the appropriate remedy upon a proper case to restore an attorney at law to his rights as such when disbarred by the judgment of a Circuit Court from practicing his profession, but in such proceedings it is essential that the alternative writ, which takes the place of a declaration at law, should show a clear *prima facie* case in favor of the relator.

2. A demurrer to the return to an alternative writ will reach said writ if defective, and bring it before the court for consideration.

3. The remedy by mandamus is proper to restore an attorney who has been disbarred from practicing his profession, not only where the disbarring court has exceeded its authority or proceeded irregularly, but also where it has manifestly decided erroneously on the evidence ; and where it is made to appear that the judgment of disbarment has been rendered by a court of competent jurisdiction it is incumbent upon the relator to allege in the alternative writ the facts which show that the court exceeded its authority, proceeded irregularly, or decided erroneously on the evidence. An allegation in an alternative writ in such a case that the record, evidence and proceedings in disbarring relator are wholly and entirely insufficient to authorize his disbarment, and that such judgment is totally null and void, is the statement of a legal conclusion, and is insufficient in this, that it fails to show any facts which render the judgment of disbarment null and void.

4. The charges upon which proceedings are based to disbar an attorney should be specific and particular so that he may be apprised of the precise nature of the accusation against him. Such proceedings are summary in their nature, but not arbitrary or despotic, and the court acts in the exercise of a sound discretion and according to law.

5. While it is competent for the appellate court to review, in a proceeding by mandamus, the evidence upon which a Circuit Judge acted in disbarring an attorney, it can not determine the sufficiency of the evidence to sustain such action, unless it is brought there ; and where the relator alleges as a ground for relief the erroneous decision of the disbarring court upon the evidence, it is essential that he should show it, in order that the appellate court may determine its sufficiency.

6. Where the charges against an attorney in disbarment proceedings are for misconduct in his office as attorney or for acts connected with the practice of his profession, and which show him to be an unfit person to exercise the functions of an attorney in the administration of law, although such conduct or acts may amount to an indictable offense, the court may proceed to disbar him without regard to any previous prosecution for said offense. The court does not proceed in such cases upon the theory of punishing the person, but to investigate the question of professional delinquency to determine the fitness of the attorney to be entrusted with the conduct of causes and the administration of public justice.

### STATEMENT.

This is an original proceeding by mandamus instituted by the relator, George P. Fowler, asking for a peremptory writ to require the Hon. Jesse J. Finley, Judge of the Circuit Court for the Fifth Judicial Circuit of the State, to vacate and set aside an order made by him as such judge on the 24th day of February, A. D. 1892, debarring said relator from the office and privileges of an attorney at law, and to allow him to exercise all the duties and privileges as an attorney at law and solicitor in chancery. The alter-

native writ alleges that " on the seventh day of November, A. D. 1872, the said George P. Fowler was duly admitted as a practicing lawyer, attorney and counselor in the Circuit Court of the State of Florida ; that thereafter he was admitted also to practice in the Supreme Court of the State of Florida and in the United States Circuit and District Courts for the Northern District of Florida ; that since his said admission to the said courts he has been in the actual practice of his profession as an attorney and counselor in all of the said courts, and has always demeaned himself honestly and properly in his practice and proceedings before each and every of the said courts ; that he continued so to practice until the second day of March, 1892, when an order disbarring him was filed in the office of the Clerk of the Circuit Court of Putnam county, Florida, which order (is) in the following words and figures, to-wit :

*In re* George P. Fowler—Rule to show cause, etc.

Having examined and considered the evidence filed herein, the court finds the respondent, George P. Fowler, guilty of abstracting the subpœna in chancery in the case of Andrew I. Wood vs. Benjamin Roberts and wife, then pending in the Circuit Court of Putnam county. While the court is of the opinion that the omission of the worrds ' of Putnam ' might not have vitiated the decree of the court in the case of Andrew I. Wood vs. Hennis Peterman *et al.*, then pending in

the Circuit Court of Putnam county, the court finds from the evidence that the respondent, the said George P. Fowler, did interline in said decree the words 'of Putnam,' after the decree was signed by the chancellor, and after the said decree had been partially recorded in the chancery order book of the Putnam county Circuit Court, and upon the said findings, it is considered and adjudged that the said George P. Fowler be and he is hereby disbarred, and is hereby forbidden to exercise the functions and privileges of an attorney and counselor at law and solicitor in chancery, in any of the courts in this State. At chambers, February 24th, 1892.

J. J. FINLEY, Judge.

That said order was based upon charges made against your petitioner by one D. M. Kirby, who made also other charges against your petitioner, which are of no importance, as the court did not sustain them ; that of the two charges sustained by the court, no formal or legal charge was ever made against him, sufficient to put him upon answer ; but that nevertheless this petitioner did fully answer, denying the truth of both of the said charges, absolutely and unequivocally; that the charge of abstracting the subpoena in chancery in the case of Wood vs. Roberts had been brought against him in a criminal proceeding before the Honorable J. E. Baldwin, County Judge of Putnam county, Florida, on the 24th day of April, 1890, who heard all the evidence of each of the

witnesses who testified in this proceeding, and in addition heard the testimony of B. F. Roberts, who is since dead, and the said County Judge thereupon discharged him, and the complaining witnesses asked the dismissal of the complaint against him, which was thereupon had, and he was acquitted of the said charges, and no further proceedings were ever taken or had upon the said charge until the 26th day of March, 1891, when D. M. Kirby's complaint was filed by the Honorable J. J. Finley.

That the other charges upon which the court in its order bases his disbarral is the insertion of the words 'of Putnam,' in a final decree of the court in the case of Wood vs. Peterman.

That your petitioner in his answer to said rule denied, and still denies, having made such alteration or interlineation in said decree after it was signed by the judge, and says that there was no evidence before the court to sustain the charge.

Your petitioner humbly submits to the court that if both of said charges sustained by the judge are admitted to be true, that he has been acquitted of the charge of abstracting the record, upon a full hearing, and that he ought not to be disbarred upon such a charge until after conviction on a criminal prosecution and opportunity for defense. As to the charge of the interlineation of the two words 'of Putnam,' in the description of land in a final decree, your petitioner submits that if such an alteration was made, it was an immaterial insertion of words, which were meant by

the judge to be in the decree, which did not affect the decree, and furnish in law no valid or sufficient reason for this disbarral.

Your petitioner alleges that the record and evidence and proceedings in disbarring your petitioner from practicing as an attorney and counselor were wholly and entirely insufficient to authorize the said Judge of the Circuit Court of the Fifth Judicial Circuit, Honerable J. J. Finley, to authorize his disbarral; and says that such order is totally null and void, and that he should be restored to his office as an attorney; that he has made application to the said judge to restore him to his right to practice law, and to his office as attorney and counselor at law, which the said judge hath refused, and doth still refuse, to do; by means whereof the said petitioner, George P. Fowler, is prevented from entering upon and exercising the duties of his said office of attorney and counselor at law, and is kept out of the said office and right to practice, to which he is justly and lawfully entitled, and of which he has been deprived illegally, and without due process of law.

To the foregoing alternative writ the respondent makes the following return: "And now comes the said respondent, and making return to the alternative writ of mandamus herein, answering says, that George P. Fowler, the petitioner herein, was charged by affidavits with certain grave offenses affecting his integrity and standing as an attorney and counselor at law and solicitor in chancery, as shown by the record

herein, and that thereupon this respondent, as Judge of the Fifth Judicial Circuit of Florida, ordered that a rule be issued commanding the said George P. Fowler to show cause, if any he had, why he should not be stricken from the roll of attorneys, and disbarred, and that upon the coming in of his answer to the rule, a master was appointed to take the evidence and report the same to the court. That after the master had taken and reported the evidence to the court, this respondent as said judge, having carefully examined and considered the evidence so reported by the said master, did, upon said evidence, find the said George P. Fowler guilty as set forth in the order of disbarment recited in said alternative writ of mandamus, and which order was dated and signed by this respondent, as said judge, at chambers, February 24th, 1892 ; and this respondent respectfully submits to your Honors the evidence as taken and reported by the master as aforesaid for cause why he should not vacate and set aside said order of disbarment, and allow the said petitioner to exercise the duties and privileges as an attorney at law and solicitor in chancery in the courts of this State, as he did before the said order of disbarment.''

The return further states that a petition was presented to respondent as said judge by counsel for relator, for a rehearing, and that said petition was refused, and the order of refusal was endorsed on the petition ; that the petition and order of refusal was handed to a member of the firm that represented relator in the application for rehearing, and respondent

is informed by the deputy clerk of Putnam county, where the proceedings in this cause are pending, that said petition has not been filed in the circuit clerk's office of said county.

The relator has demurred to this return on several grounds. The first ground is, that the return does not show any legal or proper proceedings by which relator was disbarred; second, the return fails to answer the alternative writ, in this, that it does not deny legal proceedings were had against relator, upon the charge of abstracting a subpœna in the case of Wood vs. Roberts, and that relator was acquitted in said charge; third, the return is insufficient, in that it does not set up any conviction of said relator on the charge of abstracting said record; fourth, because the return does not deny that the insertion of the words "of Putnam," in the final decree in the case of Wood vs. Peterman, was an immaterial alteration, and no reason for disbarment; fifth, because the evidence before the judge, as shown by his return, was totally insufficient to authorize the order of disbarment; sixth, the order of disbarment is illegal, in that it disbars the relator from all the courts of the State of Florida; seventh, the proceeding was irregular, as appears by the return, in the appointment of a master to take testimony; eighth, as shown by the return and the record herewith submitted, the proceeding was decided upon the report of the master that he had not taken all of the testimony in the case, and other testimony remaining to be taken; ninth, that said proceedings, as

shown by the return, are otherwise irregular, defective, illegal and insufficient to authorize the disbarment of relator.

Respondent has filed a joinder in this demurrer.

*Miller & Spencer* for the relator.

MABRY, J.:

The questions for our consideration in the case at bar are presented by the demurrer to the return to the alternative writ. This demurrer will reach the alternative writ if it is defective, and bring it before the court for consideration. This rule in pleading applies to mandamus proceedings as well as to other actions at law. Commercial Bank vs. Canal Commissioners, 10 Wend., 25; People vs. Ransom, 2 N. Y., 490; People *ex rel.* vs. Hatch, 33 Ill., 9; People *ex rel.* vs. Davis, 93 Ill., 133. In such proceedings the alternative writ takes the place of a declaration at law, and it is essential that it should show a clear *prima facie* case in favor of the relator. State *ex rel.* vs. Mayor and Aldermen, 22 Fla., 21; High's Extraordinary Legal Remedies, section 449; Fisher vs. City of Charleston, 17 W. Va., 595.

In the case before us the remedy of mandamus is invoked to restore an attorney at law, who has been disbarred by the judgment of a Circuit Court from practicing his profession, to his rights as such attorney. That this is the appropriate remedy in such cases, upon proper showing, has been fully adjudi-

cated in this State. State *ex rel.* vs. Kirk, 12 Fla., 278; State *ex rel.* vs. Maxwell, 19 Fla., 31. The alternative writ before us, after alleging the admission of relator as an attorney and counselor to practice law in the various courts of this State, sets out the judgment of the Circuit Court of the Fifth Judicial Circuit of Florida, disbarring him from the privileges of such attorney and counselor in any of the courts in this State. It is then alleged that "the record and evidence and proceedings in disbarring" relator were wholly and entirely insufficient to authorize his disbarment, and "that such order is totally null and void, and that he should be restored to his office as an attorney." The above allegations of the insufficiency of said proceedings are contained in the concluding paragraph of the alternative writ. Eliminating that part of the allegation as to the insufficiency of the evidence to authorize the order, for the present, we think the other portion standing alone would be insufficient, in this, that it fails to show any facts which render the said order of disbarment null and void. It can not be doubted that the Circuit Judge, upon a proper case, has jurisdiction to disbar an attorney. To allege that the record, proceedings and judgment in such a case are wholly insufficient, null and void, is simply to state the opinion or conclusion of law of the pleader in reference to the effect of such judgment. This is a violation of an elementary principle in pleading. Curry vs. Cabliss, 37 Mo., 330. The alternative writ, however, contains other allegations which it will be necessary to notice in connection with the allegation

above given. Leaving out of consideration the allegation that the evidence was insufficient, which we will refer to in a subsequent part of this opinion, we turn to the other grounds alleged against the sufficiency of the proceedings in disbarring relator.

It is alleged that the order of disbarment was based upon charges made against relator by one Kirby, and that of the two charges sustained by the court, no formal or legal charge was made against relator sufficient to put him upon answer, but nevertheless he did fully answer denying the truth of both of said charges. The rule is well settled that in proceedings to disbar an attorney the charges upon which such proceedings are based should be specific and particular, so that he may be apprised of the precise nature of the accusation against him. In the Kirk case above it is said that no regular complaint should be received against an attorney, unless under oath. The proceedings in such matters are summary in their nature, but not arbitrary or despotic. The court acts in the exercise of a sound discretion and according to law. The charges preferred against the attorney should be specific, due notice of them must be given, and full opportunity afforded for an answer and a fair investigation of their merits. The consequences to an attorney of a judgment disbarring him from the practice of his profession are serious enough to suggest such a course. His profession may be a source of great value to him, equal to any property rights which he may have, and the loss of it may inflict destitution and poverty upon

himself and family. In such proceedings the attorney is clearly entitled to have the causes urged as a ground for his disbarment specifically and particularly stated, in order that he may meet them, and a defect in the proceedings in this respect is a ground for interposition by the superior court. *Ex parte* Bradley, 7 Wall., 364; *Ex parte* Robinson, 19 Wall., 505; State *ex rel.* vs. Kirk, *supra*; *Ex parte* Burr, 9 Wheat., 529. While the charges against an attorney in proceedings to disbar him should be particular and specific, and he has a right to demand this, we think the alternative writ, if such be its intention, fails to sufficiently allege such a defect in the proceedings against relator. The allegation is, that of the two charges sustained by the court, no formal or legal charge was ever made sufficient to put him upon answer. The alternative writ explicitly alleges that charges were made against relator, and it discloses the fact that he answered a rule entered against him. We are informed of the subject-matter of the two charges sustained by the court, but whether these charges were formally or legally made, we do not know other than the information contained in the statement that no formal or legal charge was made sufficient to put relator upon answer. This is nothing more than giving the legal conclusion of the pleader as to the legal sufficiency with which the charges were made. We can not pass upon the sufficiency of the charges in this respect unless the facts therein stated are in some

way brought before us. The pleader must allege the facts in reference to these charges, so that the court may determine their sufficiency in law. If the purpose of the relator is to set up as a reason why the order of disbarment should be vacated, that no specific, particular or formal charge was legally made against him sufficient to require an answer, it is defective in not alleging the facts showing the insufficiency.

It further appears that relator did answer the charges, notwithstanding he says they were not sufficient to put him upon an answer. The rule requiring the charges to be specific and particular is for the benefit of the party against whom the charges are brought. It may be that relator has waived some of his rights in reference to the presentation of the charges against him. In the absence of the facts in reference to the charges we are unable to determine these questions. The order of disbarment set up in the alternative writ recites that upon consideration of the evidence the court adjudged the relator guilty of abstracting the subpœna in chancery in the case of Andrew I. Wood vs. Benjamin Roberts and wife, then pending in the Circuit Court of Putnam county. It is alleged in the alternative writ that this charge of abstracting the subpœna was brought against relator in a criminal proceeding before the County Judge of Putnam county, Florida, in April, 1890, and that said judge, after hearing the evidence of the witnesses who testified in the disbarment proceedings, and in addition, the evidence of a witness since deceased, discharged

relator, and he was acquitted of said charge, and no further proceedings were taken or had upon said charge until the 26th day of March, 1891, when Kirby's complaint was filed. The contention of relator is, that this charge of abstracting the subpœna can not be urged as a ground for disbarring him, for two reasons: One is, that if true, it is a criminal offense for which he must first be convicted in a due course of prosecution before he can be disbarred on it; the other reason is, that he has been acquitted of the charge on an investigation before the County Judge of Putnam county, Florida. At common law the rule seems to be well settled that a conviction of a felony, or of any misdemeanor involving a want of integrity, will authorize a disbarment of an attorney. But we are not concerned in this case about the right to disbar after conviction. The alternative writ in the case before us alleges that not only was relator not convicted of the charge of asbtracting the subpœna, but he was acquitted of this charge on an examination before an investigating court. There is very strong authority sanctioning the rule that where the acts charged against an attorney in proceedings to disbar him amount to an indictable offense, but were not done by him in his professional capacity, or by virtue of his official character as an attorney, and they are denied by him, the court will not proceed against him until after a conviction of the offense by due course of prosecution. This rule is illustrated in an anonymous case in 7 N. J. (Law), 162, where the charge brought against the attorney was larceny, and it was stated by

the attorney who applied for the rule that the attorney against whom it was asked had purloined books to a considerable amount from persons who were present in court and ready to sustain the charge. It is said by the Chief-Justice in the opinion that "the offense of which it is alleged this man has been guilty is neither a contempt of court, nor does it fall within the denunciation of malpractice. It would appear to me, therefore, that he must be first convicted of the crime by a jury of his country before we can proceed against him for such an offense; for suppose he should be brought to the bar, and should say he was not guilty, we could not try him." To the like effect in the case of *Ex parte* Steinman and Hensel, 95 Penn. St., 220, where the ground for disbarring the attorney was publishing a libel on the court. It was held that an attorney can only be disbarred for misconduct in his professional capacity, or respecting his professional character; and although there may be cases of misconduct not strictly professional which would show a person to be unfit to be an attorney, as theft, forgery or perjury, yet for such offenses he can not be summarily disbarred without indictment and conviction.

Without deciding whether or not an attorney can in any case be disbarred on charges amounting to an indictable offense, but not involving professional conduct, or done by virtue of his official character as an attorney, we think the rule is well sustained that when the charges against an attorney are for misconduct in his office as attorney, or for acts connected with the prac-

tice of his profession, and which show him to be an unfit person to practice as an attorney, although such conduct or acts may amount to indictable offenses, the court may proceed to disbar him without regard to any previous prosecution for said offenses. The court does not proceed in such cases upon the theory of punishing the attorney, but it investigates the question of professional delinquency to determine the fitness of the attorney to be entrusted with the conduct of causes, and the administration of law. In such cases the attorney can not be called upon to answer under oath, and the court proceeds so far with the investigation as to reach the professional conduct, and leaves the proper court to indict and punish. In Stephens vs. Hill, 10 Meeson & Welby, 28, the charge against the attorney was in procuring a witness who had been subpœnaed by his adversary to absent himself so that he could not give testimony, and it is said by Lord Abinger: "But in all cases where the attorney abuses the process of the court of which he is an officer, and his proceedings are of such a nature as tend to defeat justice in the very cause in which he is engaged professionally, I never heard that because by possibility he may thereby have exposed himself to be indicted as a cheat, or for a conspiracy, he is to be permitted to remain on the roll; and if the cases in the Queen's Bench be carefully examined, it will be found that no such rule exists. Such a rule would be extremely injurious; for in no case could any remedy be had against the attorney, unless the client would first prosecute him to conviction, until which time he could

not be struck off the roll or prevented from practicing. Where, indeed, the attorney is charged with some matter not connected with the practice of his profession of an attorney, that also is a ground for striking him off the roll, although in that case it can not be done until after conviction." In *Ex parte* Wells, 64 Ind., 461, the charge upon which proceedings to disbar were based was for forging and using as genuine in the court an affidavit for a change of venue in a cause pending in said court, and upon proof of this fact he was disbarred without any criminal prosecution or conviction. In People *ex rel.* vs. Goodrich, 79 Ill., 148, the charge upon which an attorney was disbarred was publishing false and scandalous advertisements in newspapers in reference to obtaining without publicity divorces upon grounds not authorized by law. Such conduct was declared to be a libel on the courts, a disgraceful reproach upon the profession of an attorney, and a proper ground for disbarment. The theory of this decision is that the office and professional character of attorney were abused, and the courts can deal with such conduct and relieve the profession of an attorney who is shown to be guilty of such conduct. In Sanborn vs. Kimball, 64 Maine, 140, the grounds for disbarring the attorney were conviction for forgery, repeated dishonest acts and unprofessional conduct in promoting false and groundless suits. The attorney had been convicted of forging a deposition in a divorce suit to which he was a party, but had been, previous to the motion to disbar, pardoned of this offense. Independent of the con-

viction for forgery, other grounds were considered sufficient to sustain an expulsion from the bar. It was held, however, that though the pardon purged him of the offense of which he had been convicted, it did not affect the crime of the violation of his professional oath and duty, nor relieve him from the penalty of removal from the bar for this misconduct. In *Ex parte* Brown, 1 Howard, (2 Miss.,) 303, an attorney was disbarred for mutilating a declaration by obliterating the county on it so as to make it liable to special demurrer, and also for antedating a writ to avoid the effect of the statute of limitations. For such acts the attorney was declared to be guilty of unprofessional and criminal conduct in his profession as an attorney, and he was disbarred without reference to any prior prosecution for the criminal offense. *Vide* also *In re* Peterson, 3 Paige, 510; Dickens' Case, 67 Penn. St., 169; 107 U. S., 265. Where the professional misconduct involves also the commission of a criminal offense, the disbarring court does not undertake to punish for the crime, or indeed to inquire into the criminal conduct further than to reach professional deportment. This can be done without regard to any prosecution for the offense against the criminal laws of the State, taking care that the party accused be not deprived of any of his constitutional or legal rights. Applying the principles of law just discussed to the allegations of the alternative writ in reference to the charge of abstracting the subpœna in the case of Wood vs. Roberts and wife, we find them to be insufficient. The allegation is, that the charge

of abstracting the said subpœna had been made against relator in a criminal proceeding before the County Judge of Putnam county, and that after an investigation of said charge, said County Judge discharged him. What connection relator had with the case of Wood vs. Roberts and wife, pending in Putnam county, is not disclosed. The Circuit Judge has disbarred relator on a charge involving the abstraction of the subpœna in this case, and until something is alleged to overthrow the correctness of this conclusion, it must stand as correct. As we have seen, the court has the power to disbar an attorney for professional delinquency, although such conduct may involve the commission of a criminal offense. The abstracting of the subpœna may have been done, if done at all, under circumstances showing gross professional misconduct, although the elements necessary to complete a criminal offense were wanting. Every reasonable intendment must be indulged in favor of the judgment of the Circuit Court, and it devolves upon relator to show in the alternative writ a clear *prima facie* case against the judgment which he attacks as erroneous. This he has not done in reference to the charge of abstracting the subpœna. There may have been such professional conduct in reference to this subpœna as to justify the order of disbarment ; of this, however, we are not informed otherwise than by the decision of the Circuit Judge. We must presume this decision to be correct until the contrary appears, and the allegation that the charge upon which the judgment is based was brought against relator in a criminal proceeding before

an investigating court, and that he was there acquitted, does not exclude the possibility of professional misconduct in reference to the charge such as to authorize a disbarment.

The other ground upon which relator was disbarred is inserting the words "of Putnam," in a final decree in the case of Wood vs. Peterman. Relator alleges that this ground is not true, and there is not testimony to sustain it. He also alleges that if this charge be true, the insertion of the words "of Putnam," in the final decree was an immaterial alteration which did not affect the decree, and was designed by the judge to be there. It is not necessary for us to discuss here this ground for disbarring relator. If there be one valid ground to support the judgment of the court, this will be sufficient. We have just seen that relator has failed to show the insufficiency of the charge in reference to abstracting the subpœna in the case of Wood vs. Roberts and wife, and hence fails to allege in this respect facts sufficent to overthrow the judgment of the court in disbarring him.

It is also alleged in the alternative writ that the evidence was wholly and entirely insufficient to authorize the order disbarring relator. The position of his counsel is, that this allegation is enough to require respondent to show in his return sufficient evidence upon which he acted in making said order. Is this position correct? · In so far as applicable to the nature of

the remedy by mandamus, the same rules of pleading apply to the alternative writ as to a declaration at law. The relator must state a clear *prima facie* case. In this State an order disbarring an attorney is not reviewable by writ of error, as it is not such a judgment as can be reached by this writ. To prevent, therefore, where such is the case, manifest wrong and injustice, a resort may be had to the remedy of mandamus to review the proceedings of inferior courts in disbarring attorneys, It had its origin, as traced in the Kirk case, in the common law power vested in the court of King's Bench in England to rectify the wrong and abuses of lower courts in summary proceedings against officers of such courts. This remedy will apply not only where the inferior court has exceeded its authority, or proceeded irregularly, but also where it has manifestly decided erroneously on the evidence. The absence of appellate proceedings for this purpose authorizes, in a proper case, the use of the writ of mandamus to bring the record of the proceedings of the lower court in disbarring an attorney before this court for review. The purpose of the relator in the case before us is to show that the judgment of the Circuit Court disbarring him is wrong. This judgment is set out in the alternative writ, but no other proceedings connected with it are given, nor are the facts alleged in reference thereto. Some conclusions of law are stated, it is true, but they are not sufficient. The judgment of the Circuit Court rendered in mat-

ters over which it had undoubted jurisdiction, must be presumed to be correct until the contrary appears. While it is competent for this court in this proceeding to review the evidence upon which a Circuit Judge acted in disbarring an attorney, it is evident that it can not determine the sufficiency of the evidence to sustain such action unless it is brought here. We are called upon by relator to order a vacation of the judgment of a Circuit Court because the evidence was not sufficient to sustain it, and none of the facts are stated upon which the court acted. A rule of pleading in such proceedings is, that the relator must distinctly set forth all the material facts on which he relies for relief, so that the same may be admitted or traversed. The respondent is entitled to have the facts stated, so that he can either admit or deny them, or present other issues in reference to the facts constituting relator's right to the relief he asks. State *ex rel.* vs. Fletcher, Governor, 39 Mo., 388; State *ex rel.* vs. Everett, 52 Mo., 89; Canal Trustees vs. People *ex rel.* 12 Ill., 248; People *ex rel.* vs. Glann, 70 Ill., 232; Lavalle vs. Soucy, 96 Ill., 467; High on Extraordinary Legal Remedies, section 449, 450. In *Ex parte* Wall, *supra*, the petition for the alternative writ set forth the proceedings, including the evidence upon which the order of disbarment was made; and the same course was pursued in both the Kirk case and State *ex rel.* vs. Maxwell, decided by this court. In the case of State *ex rel.* vs. Teasdale, 21 Fla., 652, an

application was made by mandamus to restore to the office of mayor a person who had been expelled therefrom by resolution of a city council; and it was held that this court would review the entire proceedings of the city council, including the testimony introduced before the council. In this case the relator presented in his petition the testimony upon which it was alleged the city council acted. The purpose of the writ, as invoked in the case before us, is to review the identical proceedings of the Circuit Court in disbarring relator, and in such a case where he bases his relief upon the insufficiency of any of the proceedings, we think it devolves upon him to allege the facts which show the insufficiency. The mere conclusions of relator that they are insufficient will not do.

A careful examination of the alternative writ has conducted us to the conclusion that it does not make a clear *prima facie* showing against the regularity or validity of the judgment disbarring relator, and hence the demurrer must be visited, under the rule already announced, upon said writ.

It is therefore ordered that the demurrer to the return be sustained as to the alternative writ, and relator have ten days in which to amend if he be so advised.