STATE OF FLORIDA, ex rel. J. W. JORDAN, *Relator,* v. H. B. PATTISHALL, R. P. TAYLOR, W. A. DEAN, C. J. CARRABELLO and D. E. SHEEHAN, FLORIDA STATE BOARD OF DENTAL EXAMINERS, *Respondents.*

Division B.

Opinion filed February 8, 1930.

*Whitaker Bros. & H. G. Sabine,* for Relator;

*Carrabello, Graham & Cosio, W. C. Hodges* and *C. L. Waller,* for Respondents.

BUFORD, J.—In this case alternative writ of mandamus was issued to the respondents. Return was made by the respondents and the matter now comes on for hearing on motion for peremptory writ to be directed to respondents.

The relator was a licensed dentist practicing his profession in Tampa, Florida. A so-called accusation was filed against him under the provisions of Sec. 18 of Chapter 10109, Acts of 1925, which appears as Sec. 3551, Rev. Gen. Stats. 1927.

Under the provisions of this statute the proceedings against the accused are penal. The accusation is required to be filed in writing before the Florida State Board of Dental Examiners. It must be signed and verified under oath by the accuser. A hearing is provided for before the Florida State Board of Dental Examiners and they determine whether or not the charges against the accused are sustained and if so they are authorized to revoke the license of the offending dentist. There is no provision for review by appeal or writ of error and in such cases it is well settled that mandamus will lie to consider the whole proceeding wherein it may be determined by the Court whether the action of the Florida State Board of Dental Examiners will be sustained, or the dentist will be restored to his rights to practice dentistry in this State.

Donnelley v. Teasdale, 21 Fla. 652; Rude v. Young, 30 Fla. 85, 11 So. R. 514; Fowler v. Finley, 30 Fla. 302, 11 So. R. 500; State v. Maxwell, 19 Fla. 31. See also Fla. v. Kirk, 12 Fla. 278.

A number of questions have been presented by the relator but it appears to us that it is only necessary to determine one question to dispose of this case and that is, whether or not the accusation filed against the relator was sufficient to constitute a basis for the revocation of his license to practice dentistry. The rule is that where statutes of this kind are invoked the provisions of the statutes must be strictly construed and such provisions must be strictly followed, because the statute, as hereinbefore stated, is penal in its nature.

The section of the Statute 3551 is as follows:

"Whenever it shall appear to the board that any licensed dentist practicing in the State of Florida has been guilty of fraud, deceit or misrepresentation in obtaining license, or of gross immorality, or is an habitual user of intoxicants or drugs, rendering him unfit for the practice of dentistry, or has been guilty of malpractice, or grossly ignorant or incompetent or guilty of wilful negligence in the practice of dentistry, or has been employing unlicensed persons to perform work which under this chapter can only be legally done by persons holding a license to practice dentistry in this State, or of practicing deceit or other fraud upon the public or individual patients in obtaining or attempting to obtain practice; or of false notice, advertisement, publication or circulation of false claims, or fraudulent misleading statements of his art, skill or knowledge, or of his methods of treatment or practice, or shall be guilty of any offense involving moral turpitude, they shall revoke the license of such per-

son; an accusation may be filed with the secretary-treasurer of the board charging any licensed dentist with the commission of any of the offenses herein : enumerated, such accusation to be in writing, signed by the accuser and verified under oath.''

The accusation against the dentist was as follows:

"One Dr. J. W. Jordan of Tampa, Florida, has violated the dental law of the State of Florida, by employing one John Fernandez of Tampa, Florida, who is not licensed to practice dentistry in this State; allowing John Fernandez to practice dentistry in his (Dr. J. W. Jordan's) office which is located in Tampa, Hillsborough County, Florida, at various times between June 1st, 1927, and March the 7th, 1929.''

The accusation fails to charge the dentist with having committed any act which under the provisions of the statute constitute grounds for the revocation of his license to practice dentistry.

Under the provisions of the Act, the Florida State Board of Dental Examiners was only authorized to consider and to act upon charges contained in the accusation of which the accused had been served with notice and, therefore, the Florida State Board of Dental Examiners was without authority to revoke a license upon any grounds other than upon the charge presented in the written accusation.

The provisions of the statutes in regard to acquiring license to practice dentistry and also in regard to the revocation of such license, are not materially unlike the statutes in regard to procuring license to practice law and in regard to disbarment of attorneys, either as such statutes exist at this time or as they existed when the matters of both admitting and disbarring attorneys were handled

in the circuit courts of this State. Therefore, the law as enunciated by this Court in regard to the disbarment of attorneys is applicable to the instant case.

In State, ex rel. Fowler, v. Finley, *supra*, text 30 Fla. 312, this Court, speaking through Mr. Justice MABRY, in a case involving the disbarment of an attorney at law, say:

> "The proceedings in such matters are summary in their nature, but not arbitrary or despotic. The court acts in the exercise of a sound discretion and according to law. The charges preferred against the attorney should be specific, due notice of them must be given, and full opportunity afforded for an answer and a fair investigation of their merits. The consequences to an attorney of a judgment disbarring him from the practice of his profession are serious enough to suggest such a course. His profession may be a source of great value to him, equal to any property rights which he may have, and the loss of it may inflict destitution and poverty upon himself and family. In such proceedings the attorney is clearly entitled to have the causes urged as a ground for his disbarment specifically and particularly stated, in order that he may meet them, and a defect in the proceedings in this respect is a ground for interposition by the superior court. Ex parte Bradley, 7 Wall. 364; Ex parte Robinson, 19 Wall. 505; State ex rel. v. Kirk, *supra*; Ex parte Burr, 9 Wheat. 529."

And again, in the case of State v. Young, *supra*, Text 30 Fla. 102, this Court, speaking through Mr. Chief Justice RANEY, say:

> "Proof of the charge in cases of this character must be clear, both as to the act charged and as to the mo-

tive. In People ex rel. v. Harvey, and People ex. rel. v. Miller, 41 Ill. 277, where Harvey was charged with abstracting from the court room in the progress of a cause in which he was an attorney a certain instruction which the court had refused to give the jury on his application; and Miller was accused of abstracting a deposition taken in behalf of the defendant, in a case brought by Cook for Miller's use, the doctrine announced was that the case must be clear and free from doubt, not only as to the act charged, but also as to the motive.''

When the charge and the evidence in the case here before us is measured by the rule laid down in the cases from which we have just quoted, we find that the written charge does not embrace the allegation that the accused had committed any specific act which was denounced under the statute as ground for revocation of his license as a dentist and neither did the evidence introduced show that the accused had been guilty of any act which was so denounced by the statute. The most that we can get from the evidence (which was later shown to be entirely unreliable) was that a person not licensed to practice dentistry had upon two occasions performed some service in the office of the accused which could only lawfully be done by a person licensed to practice dentistry, but there was no evidence that the accused employed this person to perform that work, or that the accused directed him to perform that work.

For the reasons stated, the peremptory writ should issue and it is so ordered.

WHITFIELD, P. J., AND STRUM, J. concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.