STATE, *ex rel.* J. HOD WILLIAMS, v. ALTON B. WHITMAN, *et al.*, as Florida State Board of Dental Examiners.

150 So. 136.
156 So. 705.
Division B.
Opinions Filed Oct. 3, 1933, and Sept. 24, 1934.

*R. J. Duff* and *Whitaker Brothers,* for Appellant;
*McKay, Withers & Ramsey,* for Appellees.

PER CURIAM.—This case is before us on motion to quash alternative writ of mandamus.

On consideration of the motion, the Court being advised of its opinion in the premises, and having considered briefs and arguments therein submitted by the respective parties. It is now ordered and adjudged that the motion to quash be, and the same is hereby, overruled and denied and respondents are allowed fifteen (15) days from this date in which to file answer, return or other pleading as they may be advised.

It is so ordered.

DAVIS, C. J., WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

ELLIS, J., not participating.

BROWN, J. (dissenting).—My ground of dissent is that in my opinion the nature of this case was such that the proper remedy was by writ of certiorari and not by mandamus.

DAVIS, C. J.—Section 18 of Chapter 14708, Acts of 1931, Section 3534 (18) C. G. L., Cumulative Supplement, 1934, provides that whenever it shall appear to the Florida State Board of Dental Examiners that any licensed dentist or dental surgeon practicing in the State of Florida has been guilty of employing, allowing or permitting any unlicensed

person or persons to perform any work in his or her office, which under the provisions of that Chapter, can only be legally done by persons holding a license to practice dentistry or dental surgery, the said State Board of Dental Examiners shall revoke the license of such person so guilty.

On May 12, 1933, an accusation in the form of an affidavit was filed with the secretary-treasurer of the Florida State Board of Dental Examiners, the respondents herein, for the purpose of having relator's license to practice dentistry revoked on the ground that relator had employed, allowed or permitted one M. L. Hunt, an unlicensed person, to perform unauthorized dental work in his dental office. After a trial and hearing on the charge, at which the relator was permitted to appear and be heard, in his defense, an order was entered by the respondents, the Florida State Board of Dental Examiners, revoking, on June 10, 1932, relator's license to practice dentistry in the State of Florida.

This proceeding in mandamus was brought by the debarred dentist for the purpose of having reviewed and reversed the action of the debarring board, relator's contention being that the Board's action was unwarranted in law and not supported by sufficient evidence. State *ex rel.* Jordan, v. Pattishall, 99 Fla. 296, 126 Sou. Rep. 147; Donnelly v. Teasdale, 21 Fla. 652; State v. Finley, 30 Fla. 302, 11 Sou. Rep. 500; State v. Young, 30 Fla. 85, 11 Sou. Rep. 514; State *ex rel.* Tullidge, v. Hollingsworth, 103 Fla. 80, 138 Sou. Rep. 327; State *ex rel.* Pinellas Kennel Club v. State Racing Commission, decided at the present term.

A state may, consistently with due process of law clause of the Federal Constitution, create a statutory tribunal, such as the Florida State Board of Dental Examiners, and grant to it the final determination of whether or not professional licenses of practitioners of dentistry shall be revoked for

stated legal causes set forth as grounds for revocation, in a statute governing and regulating the practice of dentistry and dental surgery. And as an incident to the setting up of such a tribunal, the legislature may confer upon it power to determine legal questions necessarily arising in the course of its proceedings. Nor is the right of appeal *eo nomine* essential to due process of law in such cases. Reetz v. Michigan, 188 U. S. 505, 47 L. Ed. 563, 23 Sup. Ct. 390.

But where no other method of judicial review is provided for, mandamus to restore a suspended, debarred or disfranchised person to his lawful pre-existing rights secured by law, is an available and appropriate remedy to afford relief to an aggrieved party against the action of statutory tribunals whose record of proceedings, including the testimony adduced before it, entirely fails to support charges that alone constitute legal ground for revocation or deprivation of vested legal rights, such as the right to practice a skilled art of profession, the engaging in which is regulated and controlled by the granting and withholding of special licenses therefor. State v. Finley, 30 Fla. 302, *supra;* State *ex rel.* Tullidge, v. Hollingsworth, *supra;* State v. Kirke, 12 Fla. 278.

Legislative developments in recent years have brought into existence administrative tribunals set up by law and vested with limited statutory powers to make and enforce rules and regulations, and to render factual decisions on conflicting issues, that amount in substance to delegated exercises of special legislative and executive, and sometimes judicial functions. Thus a vast extension of the field of governmental operations and control of things heretofore left unregulated by special provisions of law, has been accompanied by the creation of administrative agencies possessing the advantage of dispensing with ordinary formal-

ities and delays usually found unavoidable in court proceedings, or the ordinary functioning of the Legislature.

This new system of administrative law has resulted in the indiscriminate combination in one and the same statutory body, of quasi-judicial with quasi-legislative and quasi-executive powers, with no effective independent mode of review, or judicial control, of those administrative decisions that in legal effect amount to a final determination of controverted issues of law and fact ordinarily considered as being within the sole province of courts of law to decide.

Insofar as the legal weight and effect to be accorded administrative decisions of a quasi-legislative or quasi-executive character is concerned, the decisions are clear that the courts will not review them for mere errors of procedure or erroneous conclusions of fact, where the administrative agency in arriving at its decision violated no rule of law, and the record as an entirety does not show an abuse of the delegated authority, or arbitrary or unreasonable action. Tagg Bros. & Moorhead v. United States, 280 U. S. 420, 50 Sup. Ct. 220, 74 L. Ed. 524; Florida Motor Lines, Inc. v. Railroad Commission, 101 Fla. 1018, 132 Sou. Rep 851 (832).

But regardless of the apparently conclusive force and effect that the Courts have heretofore accorded to the findings and decisions of administrative agencies acting in a quasi-legislative or quasi-executive capacity, singly or in combination with each other, it is certain that the function and prerogative of deciding finally the law and the facts of an actual controversy bearing upon a vested legal right sought to be divested or impaired in a proceeding initiated under statute before an administrative tribunal is, in its last analysis, a pure judicial power the exercise of which is subject to review in courts of competent jurisdiction hav-

ing power to issue the writs and processes whereon legal review of official acts of other tribunals or bodies can be had.

To the extent therefore that an administrative statutory tribunal or agency is vested with statutory power to make decisions having a judicial character or attribute, as distinguished from mere exercise of delegated legislative or executive functions under the law, resort may be had to the courts of the land for the purpose of review, whether any special method of appeal be provided or not, and in such cases the courts of general jurisdiction to whom complaint addressed against an alleged improvident, erroneous or unjustified administrative decision shown to divest or impair some vested legal right, unless abrogated or modified, will grant an aggrieved party relief against quasi-judicial decisions of such administrative agencies, by means of those available common law processes adapted and designed to be used by the courts to restrain excessive or unauthorized exercises of powers on the part of subordinate jurisdiction or quasi-judicial tribunals.

It is not within the power of the legislature to change the nature of a judicial function by merely creating another agency to participate in its performance.

A motion to quash the alternative writ of mandamus has been heretofore overruled without opinion on the authority of State, *ex rel.* Jordan, v. Pattishall, *supra.* So we pass not to a consideration of the case on its merits as presented by the alternative writ of mandamus and the return thereto.

The facts deduced from the record are as follows: Dr. J. Hod Williams was on May 1, 1932, and subsequent dates material to this controversy, a duly licensed practitioner of dentistry in the State of Florida; on May 13, 1932, complaint was lodged against him for violation of the dental statute prohibiting a licensed dentist from employing, or

allowing or permitting unlicensed persons to perform dental work in a licensed dentist's office; one M. T. Hunt was the individual so alleged to have been unlawfully employed, allowed or permitted to work in Dr. Williams' office; Hunt had never been licensed to practice dentistry or dental surgery in the State of Florida; notwithstanding the specific inhibitions of the statute, Hunt was shown to have been present in Dr. Williams' office, wearing a dentist's uniform and in every way conducting himself as a practitioner of dentistry; on diverse occasions Hunt had extracted teeth, used local anesthetics, treated and filled teeth, treated gums of patients and had adjusted, prepared and fitted artificial teeth in the mouth of patients; under Section 3542 (2) C. G. L., 1934 Cumulative Supplement, Section 2, Chapter 14708, Acts of 1931, the acts so done and performed by Hunt constituted the practice of dentistry within the meaning of Chapter 14708, *supra;* Hunt's alleged illegal practice in Dr. Williams' office was shown to have continued from May 5, 1932, to September, 1932; on June 10, 1933, the license of Dr. Williams was revoked for the acts done and performed by Hunt in his office; the authority cited to support the revocation was Section 18 of Chapter 14708 heretofore referred to.

Hunt is the same person whose controversy with the State Board of Dental Examiners led to his being prosecuted. The controversy was settled in habeas corpus proceedings. See Spencer v. Hunt, 109 Fla. 248, 147 Sou. Rep. 282. As early as April 11, 1932, as shown by certified copies of the judgments attached to and made a part of the alternative writ of mandamus, Chapter 14708, Acts of 1931, had been declared unconstitutional and void in its entirety by the Hon. F. M. Robles, one of the Circuit Judges presiding in the Circuit wherein both Dr. Williams and Hunt are al-

leged to have done the acts complained of in the revocation proceedings; the ruling of Judge Robles declaring Chapter 14708, *supra,* unconstitutional, stood unreversed and unchanged until Spencer v. Hunt, *supra* was decided by this Court on March 24, 1933; it therefore appears beyond contradiction that what Dr. Williams is charged with having done in violation of Chapter 14708, was done during a period of time when there was outstanding in the judicial forum wherein his office was situate, and his practice carried on, a Circuit Court adjudication to the effect that the entire law he is charged with having violated, was unconstitutional and void.

It is obvious, therefore, that the proposition of substantitive law we are called on to decide as the controlling consideration in this case, is whether or not the State Board of Dental Examiners proceeded in accordance with the essential requirements of the law, when it officially decided that Dr. J. Hod Williams had been "guilty" of an unlawful act or acts which, under Section 18 of Chapter 14708, Acts of 1931, would constitute legal warrant for the State Board of Dental Examiners to revoke his license to practice dentistry in this State. The only unlawful acts charged are that Dr. Williams, as a licensed dentist, had permitted Hunt, an unlicensed person, to practice dentistry in his office, during the period of time the dental statute was under a declaration of unconstitutionality made in an appropriate proceeding by the Circuit Court having jurisdiction over the territory wherein the acts are alleged to have been unlawfully done.

Our conclusion is that Section 18 of Chapter 14708 in its use of the phrase "guilty of" employing, allowing or permitting any unlicensed person or persons to perform any work in his or her office when (which) under the provisions

of this Chapter can only be legally done by persons holding a license to practice dentistry, or dental surgery, or dental hygiene in this state, as a cause for revocation of license, has reference to a conscious and culpable act amounting to a wilful design to do that which is denounced as an unlawful professional practice, and not to an act done in recognition of the supposed correctness of a judicial decision of competent court of general jurisdiction declaring the acts prohibited by the statute not to be unlawful because of the alleged unconstitutionality of the statute denouncing same.

While it is no defense for an accused to show in justification of his unlawful acts that he deliberately violated a valid statute believing in good faith that the law he thus violated was unconstitutional, yet this rule is subject to the qualification that one charged with the duty of obedience to a statute, has the right to rely upon the expressed decisions of a competent court of general jurisdiction of his state having judicial power to adjudicate a statute to be unconstitutional or unenforceable, and when he places reliance upon the unequivocal decision of a Circuit Court of this State holding in appropriate habeas corpus proceedings a statute to be unconstitutional that undertakes to regulate his personal conduct as an individual, by attempting to make unlawful an act of personal conduct that was previously held to be lawful,* no liability in the form of a penalty for violation of the alleged unconstitutional statute is incurred, when the act constituting a violation of the statute would be a

---

*In State, *ex rel.* Jordan v. Pattishall, 99 Fla. 296, 126 Sou. Rep 147, it had been decided in February, 1930, prior to the enactment of Chapter 14708, Acts, 1931, that an accusation charging a dentist with having employed one not licensed to practice dentistry was not a ground for revocation under the then existing law of this State (Section 3551 C. G. L., Section 18, Chapter 10109, Acts 1925).

simply *malum prohibitum* should the statute be subsequently decided by a higher court to be constitutional after having earlier been declared by a Circuit Court to be unconstitutional.

The foregoing rule which we have been at some pains to state, is in consonance with the principles declared by this Court in the case of Texas Co. v. Amos, 77 Fla. 327, 81 Sou. Rep. 471, where quotation was made of a statement from Harris v. Commonwealth, 81 Va. 240, 59 Am. Rep. 666, to the effect that, "No man incurs a penalty unless the act which subjects him to it is clearly within the *spirit* and the letter of the statute imposing the penalty." (Emphasis supplied.)

We hold, therefore, that the State Board of Dental Examiners misapprehended and misapplied the law to the facts adduced before it as a basis for the revocation of relator's license, and that said Board was not, under the facts and circumstances appearing before it, warranted in making any other order than one of dismissal of the charges preferred against Dr. Williams, because of the showing made in the record that during the period of time covered by the allegations of the complaint, and the evidence adduced to support it, the statute prohibiting the acts complained of had been judicially declared to be unconstitutional by the Circuit Court of Hillsborough County, in appropriate *habeas corpus* proceedings where the question of the statute's validity was properly put in issue and regularly decided by the court.

While the foregoing disposes of the present case, we deem it appropriate, inasmuch as certain procedural questions dealing with the Board's conduct of the Williams' hearing, have been exhaustively briefed and argued by counsel for both sides, to point out that charges before boards, such as the State Board of Dental Examiners, need not be stated

with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the Board required to conform in every respect to that controlling in strictly judicial proceedings. State Board of Dental Examiners v. Miller, 90 Colo. 193, 8 Pac. Rep. (2nd) 699; State v. Common Council of City of Duluth, 53 Minn, 238, '55 N. W. Rep. 118, 39 A. S. R. 595; Meffert v. State Board of Medical Registration, 66 Kan. 710, 72 Pac. Rep. 247, 1 L. R. A. (N. S.) 811; Yoshizawa v. Hewitt, 52 Fed. Rep. (2nd) 411, 79 A. L. R. 317; Winning, v. Board of Dental Examiners, 114 Cal. App. 658, 300 Pac. Rep. 866; Anderson v. Board of Medical Examiners, 117 Cal. App. 113, 3 Pac. Rep. (2nd) 344; State Board of Medical Examiners v. Jordan, 92 Wash. 234, 158 Pac. Rep. 982; Homan v. Board of Dental Examiners of California, 202 Cal. 593, 262 Pac. Rep. 324; Richardson v. Simpson, 88 Kan. 684, 129 Pac. Rep. 1128, 43 L. R. A. (N. S.) 911.

The State Board of Dental Examiners of Florida in a proceeding before it under Chapter 14708, Acts of 1931, to revoke the license of a dentist for the statutory causes specified in Section 18 of the Act, acts in a quasi-judicial capacity, where the proceeding is predicated upon a cause of revocation arising subsequent to the lawful licensing of a practitioner, such as misconduct and malpractice occurring in the course of one's professional activities, and is not a cause going to method or manner by which the license was procured in the first instance. And in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion of prejudice, unfairness, fraud or oppression.

208

It follows that a peremptory writ of mandamus must be awarded as prayed, the return to the alternative writ being deemed insufficient to bar or preclude a peremptory writ.

Judgment for peremptory writ of mandamus entered.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.