STATE BOARD OF MEDICAL EXAMINERS OF FLORIDA v. ELDRIDGE R. MORLAN

3 So. (2nd) 402
En Banc
Opinion Filed July 8, 1941

*John W. Prunty,* for Appellant;

*H. E.* and *L. D. Oxford,* for Appellee.

PER CURIAM.—On appeal we review order and decree of the Circuit Court in and for Polk County, Florida, entered in certiorari proceedings to review the order of the State Board of Medical Examiners revoking the license of Eldridge R. Morlan authorizing him to engage in the practice of medicine in the State of Florida.

The charge presented to the State Board of Medical Examiners was as follows:

"I, the undersigned, John W. Prunty, under oath, do hereby charge:

"That ELDRIDGE R. MORLAN of Morehaven, County of Glades, State of Florida, in the County and State aforesaid, is guilty of fraud in the practice of medicine, or fraud or deceit in his admission to the practice of medicine in that on or about June 15, 1931, the said ELDRIDGE R. MORLAN did swear falsely on his oath to a certain application for examination for license to practice medicine in the State of Florida in that the said ELDRIDGE R. MORLAN did swear to the application which reads in part as follows: 'That I have never, or will never, procure or aid, or abet in procuring a criminal abortion and in the event I am ever called to attend a case of abortion or miscarriage, I will call a reputable consultant to advise with me,' when at the time said applicant did swear as aforesaid, he had been adjudged guilty of performing criminal abortions by the California Board of Medical Examiners on or about June

29, 1927, which fact was well known to the said ELDRIDGE R. MORLAN at the time of his said application and which fact the said ELDRIDGE R. MORLAN failed to disclose."

The charge was insufficient in that it did not allege that Dr. Morlan had been guilty of "The procuring, or aiding or abetting in prouring, a criminal abortion." See paragraph (I) Sec. 3415 C. G. L. The charge alleged that Dr. Morlan "had been adjudged guilty of performing criminal abortions by the California Board of Medical Examiners of California about June 29, 1927." We cannot hold that such allegation constitutes a ground for the revocation of a physician's license under the statute, *supra*. See State *ex rel.* Sbordy v. Rowlett, 125 Fla. 562, 170 Sou. 311.

The record fails to show that in the original application for license Dr. Morlan made any false statement.

If the Florida State Board of Medical Examiners had had the record of the evidence taken and acted upon by the California Board before it, and, upon consideration of that evidence, had found Dr. Morlan guilty, it may be that such finding could be upheld. But, here the Florida Board assumed to act upon the conclusions reached by the California Board. If there had been a judgment of a California court of competent jurisdiction adjudging Dr. Morlan guilty of the offense, copy of such judgment properly authenticated would have been entitled to full faith and credit and would have set at rest the question of guilt.

Indeed, it is not contended that proof has been made in this case that Dr. Morlan had been guilty of the Act denounced by the statute, *supra*. The contention is that Dr. Morlan committed a fraud on the State Board of Medical Examiners when he procured his

license in the State without advising the Board of the action theretofore taken by the California Board. We find nothing in the statutes or in the application adopted by the Board which required the applicant to make such matter known, unless he had been guilty of the act denounced by the statute.

In the case of Jordan v. Pattishall, 99 Fla. 296, 126 Sou. 147, we said:

"The accusation against the dentist was as follows:

" 'One Dr. J. W. Jordan of Tampa, Florida, has violated the dental law of the State of Florida, by employing one John Fernandez of Tampa, Florida, who is not licensed to practice dentistry in this State; allowing John Fernandez to practice dentistry in his (Dr. J. W. Jordan's) office which is located in Tampa, Hillsborough County, Florida, at various times between June 1, 1927, and March the 7th, 1929.'

"The accusation fails to charge the dentist with having committed any act which under the provisions of the statute constitutes grounds for the revocation of his license to practice dentistry.

"Under the provisions of the Act, the Florida State Board of Dental Examiners was only authorized to consider and to act upon charges contained in the accusation of which the accused had been served with notice and, therefore, the Florida State Board of Dental Examiners was without authority to revoke a license upon any grounds other than upon the charge presented in the written accusation."

It appears to be well settled that fraud cannot be inferred or deduced from the non-performance of acts which *by law* the accused is *not* required to do whatever may be his motive, design or purpose either in

doing or not doing the acts complained of. See 12 R. C. L. 237. Also Sec. 67, page 306 (same volume).

On inspection of the whole record, no reversible error is disclosed. So the order and judgment of the circuit court is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL and BUFORD, J. J., concur.

ADAMS, J., agrees to judgment.