## Richmond.

### HARRIS v. THE COMMONWEALTH.

#### DECEMBER 17th, 1885.

1. CRIMINAL LAW—*Construction—Rule.*—Though prosecution be on a revenue law, yet so far as that law imposes penalties, it is a penal statute, and must be construed strictly like other criminal laws.

2. IDEM—*Public exhibitions—License—Skating rinks.*—Skating rinks are not enumerated in the act requiring license to be taken out "for public performances or exhibitions," and unless they be conducted so as to be clearly shown that they are properly "public performances or exhibitions," they cannot be brought within that act.

3. IDEM—*Case at bar.*—Where accused kept a skating rink ordinarily visited by persons for the purpose of skating, and took out no license, except when he gave a performance by professional skaters, and ordinarily charged ten cents for admission and ten cents more for use of skates, and some visitors skated, whilst others did not—

HELD :

> The case does not clearly come within the statute requiring license. Acts 1883-84, p. 593, *et seq.*, sections 80 and 81.

Error to judgment of hustings court of the city of Richmond, imposing a fine of $50 on William W. Harris, on an indictment for an alleged violation of a revenue law in keeping a skating rink without having taken out a license therefor.

The opinion states the facts.

*Sands & Bryan,* for plaintiff in error.

*F. S. Blair,* attorney-general, for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

This is a writ of error to a judgment of the hustings court of the city of Richmond. The indictment, on which the accused was convicted, charged that he "unlawfully did keep and maintain a certain public performance, called a skating rink, for compensation, the same not being for benevolent or charitable purposes," etc.

The indictment is founded on the act entitled "An act to provide for the assessment of taxes on persons," etc., approved March 15, 1884, the material portions of which to the present case are as follows:

"80. No person shall, without a license authorized by law, exhibit for compensation any theatrical performance, or any performance similar thereto, panorama, or any public performance or exhibition of any kind, lectures, literary readings and performances, except for benevolent or charitable purposes. * * * * For any violation of this section, every person so offending, shall pay a fine of not less than fifty dollars nor more than five hundred dollars for each offence."

"81. On every theatrical performance, or any performance similar thereto, panorama, or any public performance or exhibition of any kind, except for benevolent or charitable purposes," there "shall be paid three dollars for each performance," etc. Acts 1883–'84, p. 593, *et seq.*

The evidence at the trial was not conflicting, and as certified, is substantially as follows: That the accused was the conductor of a skating rink in this city, which ordinarily was visited by persons for the purpose of skating; that he obtained no license for the privilege, save on occasions of public performances by professional skaters, when he paid the specific license tax required by law of three dollars per night; that on ordinary occasions the prices charged for admission were ten cents for each person, and ten cents additional if the person used skates kept at the rink for hire; that many persons

attended and paid for admission to the rink who did not skate, but attended rather as spectators; and that those who attended the rink did so, not for the purpose of giving a performance or exhibition, but for the purpose of individual enjoyment.

Upon these facts the accused was convicted and sentenced to pay a fine of fifty dollars and the costs of the prosecution.

In the petition to this court various errors are assigned, of which the first is that the hustings court erred in refusing to give to the jury the following instruction: "That if they believe from the evidence that the defendant took out a license as prescribed by law whenever an exhibition or performance of professional skating was given, they should find the defendant not guilty."

By this instruction the court was asked in effect to tell the jury that if the proper license tax was paid when performances of professional skating were given they must acquit the accused, notwithstanding they might believe from the evidence that he gave for compensation, and without a license, other public performances, not of professional skating; which is clearly not in accordance with law, and the instruction was therefore properly refused.

The remaining questions may be considered in connection with the motion to set aside the verdict as being contrary to the law and the evidence. This motion the hustings court overruled, and in so doing we think there was error.

The rule is universal, except in particular instances where changed by statute, that penal statutes are to be construed strictly, and are never to be extended by implication. And this rule applies with full force to a case like the present; for while the statute on which the prosecution is founded is a revenue law, yet in so far as it imposes penalties for a violation of its provisions, it is a penal statute, and must be construed accordingly.

No man incurs a penalty unless the act which subjects him to it is clearly both within the spirit and letter of the statute imposing such penalty. "If these rules are violated," said Best, C. J., in the case of *Fletcher* v. *Lord Sandes*, 3 Bing. 580, "the fate of accused persons is decided by the arbitrary discretion of the judges, and not by the express authority of the law." Pott. Dwarr. 245, *et seq.*

In *United States* v. *Wiltberger*, 5 Wheat. 76, Chief-Justice Marshall, speaking for the Supreme Court of the United States, said: "The rule that penal laws are to be construed strictly, is, perhaps, not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. * * * It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of kindred character with those which are enumerated. If this principle has ever been recognized in expounding criminal law, it has been in cases of considerable irritation, which it would be unsafe to consider as precedents forming a general rule for other cases."

Now, it will be observed that skating rinks are not enumerated in the statute, and consequently cannot be brought within it, unless it is clearly shown that they are so conducted as to be properly "public performances or exhibitions." And this is to be determined by the jury on the particular facts of each case, under suitable instructions from the court as to the law. But here the evidence shows that no performance of any kind was offered to the public, except, on extraordinary occasions, when exhibitions of professional skating were given, and then the license tax was paid as required by law. On ordinary occasions admission fees were charged merely for the privilege

of skating; and for this no license tax is imposed. And if of those persons who paid for this privilege, some preferred, after entering the hall, to witness rather than participate in the skating, a liability cannot, for that reason, be imposed on the accused, to which he would not have been subject had all chosen to exercise the privilege for which they had paid. In other words, it is clear that the liability of the accused to prosecution, for not taking out a license, cannot be made to depend upon the course pursued by the patrons of the rink after their admission thereto.

Moreover, if it can be justly said that on ordinary occasions there was any public performance, because of the fact that some of those who visited the rink were mere spectators of the exercises, it certainly cannot be said that such performance was exhibited by the accused. For those whose movements were witnessed by the spectators were not agents or employés of the accused, or in any way subject to his control; but were persons who resorted thither for their own pleasure or amusement, and not for the purpose of exhibiting themselves or their skill to others. In short, we are of opinion that, according to the strict construction which must be given to the statute, the present case is not within its provisions.

If, in the judgment of the legislature, a license tax ought to be paid, under all circumstances, for the privilege of conducting a skating rink for compensation, it is competent for that body, by altering the statute, to so provide. We can only construe it as it is.

LACY, J., and FAUNTLEROY, J., dissented.

JUDGMENT REVERSED.