# Richmond.

BOARD OF SUPERVISORS OF HENRICO CO. V. McGRUDER.

MAY 3d, 1888.

Absent, Richardson, J.

1. TAXATION—*Supplementary delinquent lists—Supervisors.*—The board of supervisors of a county have no power under the general statutes of this commonwealth to certify amended and supplemental delinquent tax returns by the treasurer. Acts 1874–5, p. 347, *et seq.*, and acts 1877–8, p. 183, *et seq.*

2. IDEM—*Constitution—Titles of acts.*—Constitution of Virginia, Art. V., § 15, ordains that "no law shall embrace more than one object which shall be expressed in its title." Act of November 27th, 1884, entitled "an act to allow further time for the treasurer of Henrico county to make returns of delinquent taxes," provides that "the late treasurer of Henrico county be allowed until the 1st day of February, 1885, to make his supplementary returns of delinquent taxes for the years 1879, 1880, 1881, 1882 and 1883," and is repugnant to the said section of the constitution in that the title thereof is not only misleading, but embraces an object wholly variant from the object expressed in the body of the act.

Error to judgment of circuit court of Henrico county rendered April 7th, 1885, affirming in part a judgment of the county court of said county in a certain mandamus proceeding wherein William M. McGruder, late treasurer of said county, and the defendant in error here, was petitioner, and the board of supervisors of said county, the plaintiff in error here, was the respondent. Opinion states the case.

*Edmund Waddill, Jr.*, for the plaintiff in error.

*Guy & Gilliam,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit of Henrico county, affirming a judgment of the county court of the said county awarding a *mandamus* to compel the appellants "to certify in the manner prescribed by law *the supplemental returns* of delinquent taxes" for the years 1879, 1880, 1881, 1882, and 1883, presented to them, on the 17th of January, 1885, by the defendant in error, William M. McGruder, late treasurer of the said county.

Upon the filing of the petition for the writ in the county court, the board of supervisors, the appellants here, appeared and demurred to the petition, and also answered. The grounds of defence were these:

First. That the petition did not allege and show that the said lists had been duly sworn to and posted, as required by law, before the same were presented to the board.

Second. That the said lists were not made out as required by law, duly sworn to, and certified by the proper commissioners of the revenue, as was apparent upon the face of the petition, etc.

Third. That for the very years for which the above-mentioned returns were proposed to be made, the respondents had duly certified, at the instance of the petitioner, the said McGruder, his delinquent returns, by which act they had exhausted their powers on that subject.

Fourth. That there was no law by which *amended and supplemental* delinquent returns could be made.

Fifth. That the act, approved November 27, 1884, (Acts 1884, extra session, p. 124,) under which said returns were proposed to be made, was unconstitutional and void; and, if not, it conferred no authority upon the respondents to act in the premises, or in any way provided how such proposed

amended returns could be made, and that it did not under any circumstances apply to lists that had been theretofore presented and rejected; and—

Sixth. That, apart from the foregoing objections, the respondents had, in fact, met and considered the aforesaid returns, and refused to certify the same; that this action on their part was final and conclusive, and could not be reviewed by any court whatever, it being the exercise of the discretion reposed in them by law, and not to be controlled by *mandamus.*

The defence, however, was overruled, and the writ awarded by a judgment entered on the fourth day of February, 1885. And this judgment having been affirmed by the circuit court, the respondents obtained a writ of error and *supersedeas* from one of the judges of this court.

We are of opinion that the judgment is erroneous. The powers of a board of supervisors of a county are limited and defined by law, and cannot be transcended. Hence, their acts to be valid, must be founded upon the authority of law, and beyond the limits of their powers, they cannot be compelled to go. It is for the legislature, not the courts, to prescribe those limits, and we concur in the view expressed in the answer of the appellants to the petition filed in the county court, that there is no law in Virginia under which a board of supervisors may certify amended and supplemental delinquent returns by a treasurer.

The statute makes it the duty of a treasurer, as soon as practicable after the 15th of June, in each year, to make out the delinquent tax lists in his county or corporation, and further provides that before being presented to the county or corporation court as the case may be, they must be presented to the proper commissioner or commissioners of the revenue for a written opinion touching the propriety of such lists, verified by oath, and they must also be submitted to the board of supervisors of the county for a certificate touching the propriety of such lists and *each case* therein. The lists, after being acted on

by the board of supervisors, are then presented to the court for its action. The officer is entitled to be credited by the amount of the lists, when approved by the court and upon this basis his accounts are settled. Acts 1874–5, p. 347, *et seq.;* Acts 1877–8, p. 183, *et seq.* There is no provision made in the general statutes of the commonwealth for any further or supplemental lists to be made, and for the reason that the policy of the legislature has been to require prompt and final settlements of the public revenues.

Reliance, however, is placed upon the act of November 27, 1884, which is in these words: "An act to allow further time for the treasurer of Henrico county to make returns of delinquent taxes.     *     *     *

"1. Be it enacted by the general assembly of Virginia, That the late treasurer of Henrico county be allowed until the first day of February, 1885, to make his supplementary returns for delinquent taxes for the years 1879, 1880, 1881, 1882, and 1883.

"2. This act shall be in force from its passage."

The validity of this statute is assailed by the board of supervisors, on the ground that it is repugnant to the fifteenth section of Article V of the constitution, which ordains that "no law shall embrace more than one object, which shall be expressed in its title." The contention is, that not only is the object of the act not embraced in its title, but that the title and the body of the act are in irreconcilable conflict. In other words, that the title purports to allow one thing, namely, further time to the *treasurer* of Henrico county to make returns of delinquent taxes, while the body of the act authorizes another and very different thing to be done, namely, supplementary returns to be made by *the late treasurer* of the county.

This position is well taken. The constitutional provision, above quoted, is not directory merely, but mandatory, and is as much a subject of judicial cognizance as any other provision in the constitution. As was said, upon a similar point, by the supreme court of Georgia: "If the courts would refuse

to execute a law suspending the writ of *habeas corpus* when the public safety did not require it, a law violatory of the freedom of the press, or trial by jury, neither would they enforce a statute which contained matter different from what was expressed in the title thereof." (2 Ga., 36.)

The provision is a wise one, of great public utility, and is embodied in the constitutions of many of our sister States. Its object is to prevent surprise in legislation, by having the title of every act to clearly express the object of the enactment, so that neither the members of the legislature nor the people will be misled. "It may be assumed as settled," says Judge Cooley, in treating of the subject, "that the purpose of these constitutional provisions is: *First*, to prevent log-rolling legislation; *second*, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which may therefore be overlooked and carelessly and unintentionally adopted; and, *third*, to fairly apprize the people of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire." And in the same connection he says: "The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title *the conclusive index* to the legislative intent as to what shall have operation." (Cooley's Const. Lim., 149.)

The rule, however, does not operate to make a statute wholly void when any part of the act is indicated by the title, and such part is capable of being separated from the part not so indicated, and is left complete in itself, and capable of being executed as the will of the legislature. But where the title affords no clue whatever to the contents of the act, the enactment is wholly inoperative; and such is the character of the statute relied on in the present case. Here, the title is not only misleading, but embraces an object wholly different from the object expressed in the body of the act. It therefore

gave no notice to the members of the legislature of the real object of the act, and it is easy to see how those who were called on to adopt it, might have been willing to extend the time for a treasurer in office to make his original returns, and yet not willing to allow a person who had ceased to be a treasurer to make *supplementary* returns relating to his transactions during a number of years, and which were doubtless supposed to have been finally settled. In short, it is difficult to imagine a case more clearly within the purview of the constitutional provision above mentioned. The appellants are therefore right in saying there is no law under which they are authorized to certify " the supplemental returns " in question, and the writ ought to have been denied.

As this view of the subject is decisive of the case, no other question need be considered. The judgment will be reversed, and an order entered here in conformity with this opinion.

JUDGMENT REVERSED.