# Richmond.

## LESCALLETT v. COMMONWEALTH.

### April 20th, 1893.

1. CONSTITUTION, *Art. V.,* § *15*, provides that " no law shall embrace more than one object, which shall be expressed in its title." But where the act has but one general object, and that is the suppression of certain kinds of betting or gambling, and makes it an offense (1) to bet in any of the prohibited modes, and (2) to keep any house for the purpose of betting therein—

HELD :

> The act does not violate said section, as the latter provision is merely one of the means adopted for the accomplishment of the general object expressed in the title.

2. IDEM.—*Board of Supervisors* v. *McGruder,* 84 Va. 828, distinguished from case at bar.

3. BETTING—*Place of.*—Where an offer to bet is telegraphed by a person in one city to a person in another, and the latter accepts by telegraph—

HELD :

> The betting is done in the city where accepted.

4. CRIMINAL PROCEEDINGS—*Gambling-house—Case at bar.*—Where one keeps a house wherein he posts the names of horses running on a race-track in another state, and telegraphs orders of customers to bet money thereon, which bets are accepted at the track—

HELD :

> No violation of Acts 1891–'92, p. 626, § 1, since the betting is not done in the said house.

5. PENAL STATUTES—*Construction.*—A penal statute must be construed strictly, and, if less comprehensive than the legislature intended it, it is for that body, and not for the courts, to supply the defect by a suitable amendment.

Error to judgment of hustings court of city of Richmond, rendered June 10, 1892, in a prosecution against the plaintiff in error for an alleged violation of the act of February 25,

1892, to prevent and punish betting, &c. Acts 1891–'92, p. 626. The title of the act is as follows :

" An act to prevent and punish betting, gambling, and the making, writing, or selling of books or pools or mutuals on the result of any trotting race of horses, or race of any kind, or on any election, or any contest of any kind, or game of base-ball."

The first section of the act makes it " unlawful for any person or persons, or association of persons, to make, write, or sell books, pools, or mutuals on the result of any trotting race or running race of horses, or race of any kind, or any base-ball match, or any election, or contest of any kind " ; and also makes it unlawful " to establish, keep, lease, rent, or use, or knowingly suffer to be used or occupied, any house, building, or portion of a building, vessel, or place on land or water, for the purpose of making, writing, or selling *therein* any book or pool or mutual, or of otherwise betting or gambling, or of permitting gambling or betting *therein* or thereon, upon the result of any trotting race or running race of horses, or race of any kind, or any base-ball match, or on any election or contest of any kind."

The second section makes any violation of the act punishable by fine and imprisonment in jail.

The indictment contains two counts. The first charges that the accused did unlawfully make, write, and sell books, pools, and mutuals on the result of a certain running and trotting race of horses on the Guttenburg race-track. And the charge in the second count is that he did unlawfully establish, keep, &c., a certain house, in the city of Richmond, for the purpose of making, writing, and selling therein books, pools, and mutuals, and of otherwise betting and gambling, and of permitting gambling and betting therein, on the result of certain trotting and running races of horses at the Guttenburg race-track.

There was a demurrer to the indictment, and to each count thereof, which was overruled; whereupon issue was joined on the plea of "not guilty."; and the jury, after hearing the evidence, found the defendant not guilty under the first count, but guilty under the second. The defendant thereupon moved for a new trial, on the ground that the verdict was contrary to the law and the evidence; which motion the court overruled, and entered judgment in conformity with the verdict.

*L. O. Wendenburg* and *Staples & Munford*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LEWIS, P., (after stating the case,) delivered the opinion of the court.

It is contended, first, that the trial court erred in overruling the demurrer to the second count of the indictment. The ground of this contention is that the object of the latter portion of the first section of the statute, upon which the second count is founded, in regard to keeping a house for betting, or permitting betting therein, is not expressed in, or germane to, the title of the act, and is, therefore, invalid, under the provision of the Constitution that "no law shall embrace more than one object, which shall be expressed in its title." But this is a mistaken view. The act has but one general object, and that is the suppression of certain kinds of betting or gambling, and accordingly the first section makes it an offense (1) to bet in any of the prohibited modes, and (2) to keep any house for the purpose of such betting therein— the latter provision being merely one of the means adopted to accomplish the general object expressed in the title.

Greater particularity in stating the object of the act is not required. As Judge Cooley well says, to require every end and means necessary or convenient to carry out the general object of an act to be provided for by a separate act relating to that alone, would not only be unreasonable, but would render legislation impossible. Cooley, Const. Lim. (3d ed.) 144. And in support of this view he cites the case of *People* v. *Mahaney*, 13 Mich. 481, where it was held that the title of " an act to establish a police government for the city of Detroit " was not objectionable for its generality, and that all matters properly connected with the establishment and efficiency of such a government, including taxation for its support and courts for the examination and trial of offenders, might be constitutionally included in the bill under this general title. See, also, *Powell* v. *Supervisors*, 88 Va. 707.

Counsel for the plaintiff in error rely on the case of *Board of Supervisors* v. *McGruder*, 84 Va. 828. But that case is not in point, for there not only was the object of the act not expressed in its title, but the title and the body of the act were in irreconcilable conflict. In that case the object expressed in the title was to allow *the treasurer* of Henrico county further time in which to make returns, while the body of the act purported to authorize the *late* treasurer of the county to make *supplementary* returns.

The next objection, however—viz., that the verdict is contrary to the law and the evidence—is well taken.

The jury found the accused not guilty under the first count—*i. e.*, not guilty of betting in any of the prohibited modes—but guilty under the second count, which latter finding was clearly unwarranted. To convict under the second count, it was incumbent on the commonwealth to prove that the accused used the house in question for the purpose of betting therein himself, or of permitting others to bet therein. But there is no more evidence of a violation of the act in

the latter particular than in the former—that is to say, there is no evidence of a violation of the act at all.

A bet is a wager between two or more persons. It involves a concurrence of wills—that is, there must be an offer to bet, made on one side, and accepted on the other. When the offer is accepted, and not before, the betting becomes complete. A bet, like an ordinary contract, may be made by telegraph, and, when an offer to bet is accepted by telegraph, the acceptance, as in the case of a contract, takes effect when the message of acceptance is delivered to the telegraph company for transmission, and not when it is received by the other party. If, therefore, an offer to bet is telegraphed by a person in this city to another in New York, and the latter accepts by telegraph, the betting is done, not in Richmond, but in New York, because the offer, being accepted there, takes effect there. 2 Am. & Eng. Ency. of Law, 185; Bish. Cont., §§ 321, 322, 328; *Minn. Oil Co.* v. *Collier Lead Co.,* 4 Dill. 434; *State* v. *Hughes,* 22 W. Va. 743; *Garbracht* v. *Commonwealth,* 96 Pa. St. 449.

In the last-mentioned case the defendant, who was the agent of a licensed liquor dealer in the city of Erie, took an order for a quantity of liquor in Mercer county, which order he sent to his employer in Erie. The liquor was then shipped to the purchaser in Mercer county; and upon these facts the defendant was convicted of unlawfully selling liquor in Mercer. But the judgment was reversed, on the ground that the sale, in law, was made in Erie, and not in Mercer county; and the same principle has been recognized in numerous cases.

Tried by this test, the present case is not within the provision of the statute upon which the second count of the indictment is founded. The facts are undisputed, and are substantially these:

That the accused was the lessee of the house mentioned in the indictment, formerly known as the "Turf Exchange";

that in one of the rooms of the house was a black-board, upon which were written, on the occasion in question, the names of several horses and their jockeys, the weights they were to carry, &c. The witness, Benedict, then and there offered to bet a dollar on a certain horse, whose name was on the board, to be run in a race on the Guttenburg track, in New Jersey; but to his offer the accused replied: "I can't take your bet, but I will take your dollar, and send it to the track, and will charge you ten cents commission for sending it." The witness then paid the accused a dollar and ten cents, who at once telegraphed the order to the track, and in a few minutes an answer came over the wire to the witness, saying the money had been " placed " at the track. On the walls of the room were several placards, one of which read : " No betting done or permitted here." Another read : " All commissions executed at the track only."

There was no evidence that the accused was interested in the betting, except to the extent of his commission for sending the order to the track; and the offer of the witness not having been accepted in the house of the accused, but at the track in New Jersey, *the betting* was done, not here, but in New Jersey. The statute makes it an offense to keep a house for the purpose of betting, or permitting betting, *therein.* If, then, the accused had taken the money of the witness, and carried it in person to the track, and there gotten a third person to bet it on the designated horse, it could hardly be contended that that would be sufficient proof that the house in question was used in violation of the statute; and yet the legal effect of what was done practically amounts to the same thing.

The statute is a penal one, and must be construed strictly; and if it be less comprehensive than the legislature intended, (as, perhaps, it is,) it is for that body, not the courts, to supply the defect by a suitable amendment. Our province is not to

make statutes, or to amend or extend them, but only to construe them as they are. *Harris* v. *Commonwealth*, 81 Va. 240. " There can be no constructive offenses, and, before a man can be punished, his case must be plainly and unmistakably within the statute." *United States* v. *Lacher*, 134 U. S. 624; *United States* v. *Wiltberger*, 5 Wheat. 76; *Harris* v. *Commonwealth*, 81 Va. 240.

This sufficiently disposes of the case, and renders it unnecessary to consider any other question discussed at the bar.

FAUNTLEROY, J., and HINTON, J., *dissented.*

JUDGMENT REVERSED.