Hillsborough, }
 July 1, 1904. }

## McQuesten v. Steinmetz.

One who merely receives money in this state and transmits it by telegraph to persons in New York, to be there wagered on horse races as directed, does not conduct an illegal business within this jurisdiction.

Assumpsit, for two months' rent. Facts agreed, and case transferred from the May term, 1904, of the superior court by *Pike*, J.

In December, 1903, the plaintiff leased to the defendant certain premises in Nashua at a monthly rental of $33.33, with the knowledge and understanding that the latter was to use the same for the purpose of exhibiting to the public, and without charge to them, the various prices offered at race tracks in the state of New York ; that he was to receive money from persons at Nashua, and transmit the same by telegraph to various persons in the state of New York, who were to there wager the money on horse races as directed; and that when the races were run he was to receive by telegraph from New York the results of the races and the proceeds of the wagers won by Nashua parties. The defendant was to act as agent of the parties at Nashua in transmitting the money, and receive only a commission for so doing. He was not to share in the profits or the losses of the wagers. After conducting the business for a time in the way above described, he was informed that it was illegal in New Hampshire, and thereupon he discontinued the business and refused to pay rent according to the terms of his lease.

If the business was legal, the plaintiff is to have judgment for the sum of $66.66; and if it was illegal, there is to be judgment for the defendant.

*Ivory C. Eaton*, for the plaintiff.

*George F. Jackson*, for the defendant.

Bingham, J. It is conceded that this action cannot be maintained if the defendant, with the plaintiff's knowledge and consent, carried on a gambling business upon the leased premises; and that a bet or wager on a horse race is a gambling contract within the meaning of our statute. P. S., c. 270, ss. 6, 16, 18. The plaintiff, however, contends that the business there carried on was not of this nature; that the wagers or bets in question were not made at Nashua, but in the state of New York; and that what was done at Nashua was lawful.

A bet, like an ordinary contract, involves a concurrence of wills; there must be an offer and acceptance thereof in accordance with its terms, and the acceptance will not be complete until it is actually or constructively communicated to the party making the offer. *Busher* v. *Insurance Co.*, 72 N. H. 551; *Lescallett* v. *Commonwealth*, 89 Va. 878. It therefore becomes necessary to ascertain where these contracts or bets were made; for if made in New York, the business transacted at Nashua was not in contravention of the statute above cited.

Had it appeared that parties in New York telegraphed proposals offering to bet upon horse races with persons in Nashua, who accepted the same by telegraph, the contracts would be completed at Nashua when the messages of acceptance, directed to the parties in New York, were delivered at the telegraph office. *Busher* v. *Insurance Co., supra; Davis* v. *Insurance Co.*, 67 N. H. 291; *Lescallett* v. *Commonwealth, supra.* But the case discloses that the transactions were not so conducted; that the defendant, acting as agent for persons at Nashua, upon receipt of their money telegraphed it to various persons in New York, who there wagered the money as directed. Under these circumstances the bets were made in New York, and the business conducted by the defendant at Nashua was lawful. Whether a different result would be reached if it appeared that betting on horse races in New York was illegal, it is unnecessary to consider.

Some states have enacted laws prohibiting persons from receiving money to be transmitted to places within or beyond their limits, to be bet on horse races (see *State* v. *Harbourne*, 70 Conn. 484; *State* v. *Stripling*, 113 Ala. 120); but we are not aware of any such statute in this state.

In accordance with the agreement in the case, the order is,

*Judgment for the plaintiff for $66.66.*

All concurred.