## BISCAYNE KENNEL CLUB, Inc., v. TAYLOR, County Solicitor, et al.

District Court, S. D. Florida. December 31, 1927.

No. 177.

Courts ⬅262(4)—Federal court will not grant injunction against interference with telegraphing money to Havana to be wagered, thereby evading state statutes prohibiting betting (Rev. Gen. St. Fla. 1920, § 5514).

A plan by the promoter of a racing event, to be held in Florida, to transmit money of customers by telegraph to Havana, to be there wagered on the event, *held* a device to evade the Florida statute (Rev. Gen. St. 1920, § 5514), making betting on such events a criminal offense, and a bill to enjoin interference with its execution by state officers was dismissed for want of equity.

In Equity. Suit by the Biscayne Kennel Club, Inc., against Robert R. Taylor, County Solicitor of Dade County, Florida, and another. On motion by complainant for injunction, and motion by defendants to dismiss bill. Motion of defendants granted, and bill dismissed.

Price, Price, Neeley & Kehoe, Clark, Clark & Maiden, and H. M. Wilson, all of Miami, Fla., for plaintiff.

James M. Carson, Uly O. Thompson, S. Grover Morrow, F. M. Hudson, and W. H. Beckham, all of Miami, Fla., for defendants.

CLAYTON, District Judge. The essential recitals of the bill of complaint are here summarized:

The plaintiff owns a racing track for the purpose of affording amusement and sport to its patrons who enjoy the racing of dogs, which contest with each other in chasing a metal rabbit propelled by electric or gasoline power. Its plant and equipment are of great value, and the business of racing, it is claimed, will be remunerative to the plaintiff.

The plaintiff intends to inaugurate on January 1, 1928, a dog racing meeting at its plant in Dade county, Florida, and alleges that it will not engage in betting or wagering on the outcome of any race to be held at its plant, nor permit any gambling at its plant on the outcome of such races. However, it is averred that the plaintiff will maintain a service for its patrons at its plant, where it will act as their agents in the transmitting by telegraph all moneys of its patrons from its plant to Glen C. Strong, a resident of Havana, Cuba, for the purpose of there placing said bets or wagers in a system of pari-mutuel betting conducted in the city of Havana, Cuba, by Strong, on the outcome or result of races held at plaintiff's plant.

Plaintiff has made arrangements to lease telegraph wires and cables of the Southern Bell Telephone & Telegraph Company, connecting its plant in Dade county, Florida, with the place of business of Strong at Havana.

The plaintiff represents that for this service above mentioned it will charge its patrons a commission of 10 per cent. of all moneys which it may transmit for its patrons to Strong at Havana; that in the performance of this service to its patrons the plaintiff will act merely as an agent for its patrons, and will have no interest of any character in the business conducted at Havana by Strong. It is also alleged that the plaintiff, in the conduct of its business described, will be engaged in interstate commerce, in the purview of the Constitution of the United States and the statutes enacted pursuant thereto, governing the transmitting of intelligence and moneys by telegraph from any place in the United States to a foreign country. Act Feb. 4, 1887, c. 104, 24 Stat. 379, as amended by 34 Stat. 584, and 36 Stat. 544 (49 USCA § 1 et seq.; Comp. St. § 8563 et seq.).

It is charged that on December 2, 1927, the plaintiff informed Robert R. Taylor, county solicitor of Dade county, Florida, of the foregoing plan of operation and conduct proposed for plaintiff's business at its plant; that Taylor then advised the plaintiff he would cause to be arrested, and would prosecute, under the color and authority of his office of county solicitor of Dade county, Florida, all persons delivering moneys to plaintiff to be transmitted to Strong at Havana; that Taylor threatened further to cause the arrest of and to prosecute all officers and agents of plaintiff for receiving or accepting such funds from its patrons for the purpose of being forwarded to Glen C. Strong at Havana, to be wagered in the manner above stated.

It is further represented that the threatened in, will destroy plaintiff's business, and will intimidate and prevent its patrons from attending the races proposed to be conducted at its plant. It is also averred that the county solicitor claims that he will act under the color of Florida Statutes (Rev. Gen. St. 1920) § 5514, in the following words:

"5514. *Unlawful to Bet on Result of Trial or Contest of Skill, etc.*—Whoever stakes, bets or wagers any money or other thing of value upon the result or any trial or contest of skill, speed or power or endurance of man or beast, or whoever receives in any manner whatsoever any money or other thing of value staked, bet or wagered, or offered for the purpose of being staked, bet or wagered, by or for any other person upon any such result, or whoever knowingly becomes the custodian or depositary of any money or other thing of value so staked, bet, or wagered upon any such result, or whoever aids, or assists, or abets in any manner in any of such acts all of which are hereby forbidden, shall be guilty of gambling, and shall be punished by imprisonment not exceeding six months or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

And it is then alleged that the threatened action of such county solicitor is in contravention of the Constitution of the United States and the Fourteenth Amendment thereto, "in that said Robert R. Taylor as such county solicitor, acting under the color of said office and as an officer of the state of Florida charged with the duty of enforcing its penal laws in the state of Florida, is threatening to unlawfully exercise his power and authority under color of his office, and to deny your orator due process of law and equal protection of the law." And the Attorney General of the state of Florida is also made a party defendant to the bill.

To prevent a multiplicity of prosecutions, equity jurisdiction is invoked, and permanent injunction is prayed for to restrain the county solicitor and the Attorney General, their assistants and agents, from causing the

arrest of the agents, servants, or patrons of the plaintiff.

The cause is submitted upon the plaintiff's motion for injunction, and at the same time the defendants interposed objections thereto, and submitted their motion to dismiss the bill for the want of equity. The defendants, by their motion, admit the facts alleged in the bill, for such motion fills the office of a general demurrer.

If the alleged threatened action of the prosecuting attorney under the color of his office be in contravention of the Constitution, the Fourteenth Amendment, or the acts of Congress, this suit cannot be said to be one against the state. This principle has been applied in numerous adjudged cases, beginning at least as far back as Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764. The law in this respect is so well settled as to now be academic, and it would serve no good purpose to cite the numerous adjudged cases.

The plaintiff admits that the Florida laws denouncing the vice of gambling are constitutional, but it is contended that the plan or scheme described in the bill of complaint is not in conflict with such laws; that the device proposed and described presents a legitimate business, which the injunctive process of this court should be used to protect against the threatened disturbance or destruction.

It is patent that the plaintiff's invention is an attempt to evade the Florida statute quoted above. Indeed, in the course of the argument, the attorney for the plaintiff frankly stated such to be true, but insisted that the Florida statute does not include any inhibition against the conduct of the plaintiff's business plan as set forth, for the reason that the wagers, for which the money is to be deposited with the plaintiff for transmission, will be made in the republic of Cuba, where such transactions are lawful.

Whether the plaintiff's proposed plan of operation is in direct violation of the statute need not be now considered, although I think it may be argued that the plaintiff's contemplated conduct falls within the comprehensive language of the statute. However, the case here need not turn upon construction of the statute, for the plan or scheme invented by the plaintiff at least is an evasion of the statute. The distinguished attorney for the plaintiff, in his oral argument did himself the credit of frankly admitting that the plaintiff's proposed plan or scheme constituted an evasion of the statute.

So I think the case may be reduced to this: The plaintiff prays the protective power of injunction in order that it may engage in an evasion of the criminal law. This being so, the plaintiff urges as controlling authorities State v. Oldham, 200 Mo. 538, 98 S. W. 497, Lescallet v. Commonwealth, 89 Va. 878, 17 S. E. 546, and McQuesten v. Steinmetz, 73 N. H. 9, 58 A. 876.

The first of these two cases dealt with the guilt or innocence of defendants under indictment for direct violation of penal statutes, and the other was a suit to collect rent on premises leased for the purpose of transmitting by telegraph funds to be wagered on horse races, and the court held that under the facts of the case the contract of rent was lawful.

In my opinion, these cases are not apposite here—certainly not controlling. My conclusion is that the case of the plaintiff does not appeal to the conscience of the court. The plaintiff's palpable intention and avowed purpose to evade the criminal statutes of the state of Florida cannot justify a federal court of equity to use the protective process of injunction in furthering or safeguarding such evasion. See High on Injunctions, § 20, and notes.

The bill must be dismissed for the want of equity, and no leave to amend is allowed for the reason that it is not conceivable that any germane amendment can infuse equity into the bill. The case is simply an effort to have this court uphold an evasion of the criminal statutes of Florida, enacted within the exercise of the police powers of the state; and, however artfully the bill is framed, the case at last is one where the law is proposed to be transcended in a circuitous fashion. The skillfulness of the lawyer in framing the bill so as to make it appear to present a case in contravention of the laws of the United States, organic and statutory, cannot avail, for scrutiny and analysis compel the conclusion that the logic of phrases must yield to the logic of facts; for the plaintiff's complaint does not come under the protective power of this court, but is an invention or device in furtherance of gambling.

Order and decree will be entered in harmony with this opinion.