---

(No. 11429.—Rule made absolute.)
THE PEOPLE *ex rel.* The Chicago Bar Association, Relator,
*vs.* C. V. DONOVAN, Respondent.

*Opinion filed June 18, 1919.*

1. DISBARMENT—*when previous good character should not control decision of court.* While the good character of the respondent previous to the alleged offense should be taken into consideration in a disbarment proceeding it should not be allowed to control the decision of the court, where the facts established as to the alleged misconduct show a gross breach of the law and the ethics of the profession.

2. SAME—*public is entitled to high standard of integrity in legal profession.* As the relation of attorney and client is a fiduciary one the public has a right to the maintenance on the part of the legal profession of a high standard of integrity among its members, and the duty rests upon the Supreme Court to assist in the maintenance of that standard.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

CHARLES E. SELLECK, for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

The People, on relation of the Chicago Bar Association, leave of court having been obtained, filed an information to disbar the respondent. The information consists of one count, and charges that the respondent entered into an unlawful and fraudulent conspiracy with one Hoffman, who is a trusted employee of a certain casualty insurance company, to secure settlement with said insurance company of the claim of Nick Soter, who was injured while in the employ of O. W. Rosenthal & Co., a corporation of Chicago, while in the performance of his duties as a laborer for said company. The information further charges that the respondent having secured a settlement of the claim for compensation for Soter for $1103.30, of which, under his contract with Soter, he was to pay Soter $450, he nevertheless paid nothing to Soter but lost the money through becoming intoxicated. It is further charged on information and belief that the conspiracy between the respondent and Hoffman was to the effect that all money received on the claim of Soter over and above the claim of $450 was to be divided between the respondent and Hoffman. It is further charged that no part of the money procured by the respondent had been paid to Soter, though the information was filed more than three months after the money was procured. Respondent filed his answer, in which he denies any conspiracy but claims the loss of his client's money was due to his intoxication and without any intention on his part to fail or avoid making proper payment thereof to his client. He also avers in his answer that his contract with Soter was to the effect that he should receive one-half of all money over $450 collected on the claim.

The matter was referred to John W. Ellis, master in chancery of the circuit court, who took the evidence and reported the same to this court with his conclusions of law and fact thereon. It appears from the evidence in the

case that the respondent was by this court admitted and licensed to practice as an attorney in this State on June 10, 1896, and that since that date he has been engaged in the practice of law in the city of Chicago. The evidence also shows, and the commissioner reported, that on the 14th day of June, 1916, Nick Soter, who it appears is a Serbian, unable to speak or write the English language, was injured while in the employ of O. W. Rosenthal & Co.; that he thereafter made claim upon his employer, which claim was referred to the Union Casualty Company, an insurance company selling casualty policies; that through the assistance of W. Rubenstein, a friend of Soter, payments were made from time to time pursuant to the Workmen's Compensation law; that an agreement was made between the insurance company and Soter for a lump sum settlement of his claim for compensation in the sum of $450; that the lump sum settlement was not paid, and Soter, with his friend, Rubenstein, from time to time called on the representative of the insurance company and urged payment of his claim; that on or about September 1, 1916, he and his friend again called upon the insurance company and there talked with J. H. W. Hoffman, who, though employed by another attorney, was devoting his attention especially to the work of said insurance company. It appears from the evidence of the relator that Hoffman suggested that he would obtain for Soter a lawyer who would be able to secure the money claimed by him; that as a result of said suggestion Soter and Rubenstein called upon the respondent and retained him as attorney to make the collection. It is denied by the respondent, but the commissioner finds, that Hoffman accompanied Rubenstein and Soter to respondent's office and there suggested that they employ respondent as attorney. It further appears that respondent prepared in his own handwriting a proposition to himself as an attorney at law, which was signed by Soter, authorizing respondent to act as his attorney; that the proposition contained

the words, "and you are hereby authorized to retain from any money received or secured for me in said matter all moneys over and above the sum of $450 for your share of compensation for service rendered or to be rendered in my behalf." The instrument, when offered in evidence on the hearing herein, appeared to have been altered in the handwriting of the respondent by the insertion of "½ of," preceding the words "all moneys over and above." Respondent insists that the alteration was made before the proposition was signed, and the commissioner reports that he is unable to determine from the evidence when such alteration was made. It further appears from the evidence that on the day after the respondent was so retained as attorney by Soter, respondent, Hoffman, Soter and his friend, Rubenstein, appeared before the Industrial Board and secured an order of settlement by said board in the sum of $1103.30; that said sum was advanced by Rosenthal & Co., with the understanding and agreement that it be later reimbursed by the insurance company; that on the next day a check for $1103.30 was made by Rosenthal & Co. payable to the order of respondent, as attorney for Soter, and delivered to respondent. The evidence further shows that on December 23, 1916, on the complaint of John T. Bryne that the sum of $603.30 of the settlement so made had been divided between respondent and others, a further hearing was had before the board, as a result of which the matter was referred to the grievance committee of the Chicago Bar Association. It further appears from the evidence that after receiving the check for $1103.30 the respondent cashed the same at the Boston Store, in the city of Chicago, and received thereon the amount in currency, and that without making any payment whatever to Soter the respondent began to drink intoxicating liquors and became intoxicated and in some manner lost the money, and that no payment thereof was made to Soter until long after disbarment proceedings were instituted; that on November 2, 1917, nearly

eleven months after the money was procured by respondent, a new settlement was approved by the Industrial Board, by the terms of which respondent paid Soter $250 in cash and gave him his note for a like amount, with his wife as co-maker, and deposited with the note, as collateral thereto, certain stock certificates. It appears that the old settlement was set aside and a new settlement was authorized for $500, payable in this manner. It also appears that up to the time the commissioner's report was filed, no further payments had been made on said money, and that none of the balance of $1103.30 has been returned to Rosenthal & Co. or the insurance company.

Numerous witnesses testified on behalf of the respondent as to his previous good character.

The respondent makes no denial of the proof of relator herein concerning what transpired except to that relating to the charges of conspiracy. Upon examination of the record pertaining to that matter, we are of the opinion that the finding of the commissioner that such a conspiracy was entered into for the purpose of absorbing the larger portion of the payment made in settlement of Soter's claim is justified by the evidence. Respondent was not acquainted with Soter or his friend, Rubenstein. The appearance of Soter and Rubenstein at the office of the respondent in company with Hoffman, and the early settlement of the Soter claim before the Industrial Board for a sum amounting to nearly three times the amount agreed upon in the settlement between Soter and the attorney for the insurance company, which order of settlement by the Industrial Board was made with the understanding and agreement of Hoffman, representing the insurance company, all tends to establish the existence of a conspiracy to collect a claim of a fraudulent amount from the insurance company, of which respondent and Hoffman were to receive the lion's share.

The commissioner recommends that owing to the previous good character of the respondent he be not disbarred

absolutely but that he be suspended until all of the money received by him should be re-paid to those having the right to receive it. The relator, however, excepts to this recommendation of the commissioner and urges that the rule be made absolute. While previous good character is a matter to be taken into consideration in a case of this kind, yet facts are here established showing a gross breach of the law and ethics of the profession, and previous good character should not be allowed to control the decision of this court concerning the matter. The duty rests upon this court and upon every member of the bar to see to it that public confidence in the integrity of those engaged in the profession shall not be forfeited. The relation of attorney and client is a fiduciary one. The public have a right to the maintenance on the part of the profession of a high standard of integrity among its members, and the duty rests upon this court to assist in the maintenance of that standard. The respondent here has been proven guilty not only of a serious breach of professional ethics but likewise a breach of the laws of the State. The evidence of his conspiracy in this case presents its gravest features, and shows respondent to be lacking in that integrity which the people have the right to demand of one engaged in the practice of the law.

The exceptions of the respondent to the report of the commissioner will be overruled. The exceptions of the relator to the recommendation of the commissioner will be sustained.

The rule will be made absolute and the name of the respondent stricken from the roll of attorneys.

*Rule made absolute.*