(No. 14828.—Rule made absolute.)

THE PEOPLE *ex rel.* The Illinois State Bar Association, Relator, *vs.* ANDREW E. TRACEY, Respondent.

*Opinion filed December 16, 1924.*

1. DISBARMENT—*drunkenness is no excuse for dishonesty of an attorney.* Drunkenness is no excuse for the non-performance or malperformance of legal services by an attorney, such as failure to return collections, and where intoxication has become so habitual and continuous as to endanger clients in securing their legal rights it will be sufficient ground for disbarment, notwithstanding an honest effort on the part of the attorney to rid himself of the habit.

2. SAME—*collections by an attorney are trust funds.* Funds collected or received by an attorney for his client are trust funds, and it is the duty of such attorney to immediately pay them over to his client unless there is some legal reason for not doing so, as in cases where the title or possession of the client is questioned.

HEARD, J., took no part.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

BARNES, MAGOON, BLACK & HORTON, (W. J. BLACK, and CLYDE M. WEST, of counsel,) for respondent.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

By leave of this court the Illinois State Bar Association filed an information for the disbarment of Andrew E. Tracey, a member of the bar of this State residing in Toluca. The cause was at the December term, 1922, referred to a commissioner to take the proofs and report the same to this court with his conclusions as to both law and facts. The commissioner filed his report, stating that Tracey's conduct was unbecoming and highly improper in a lawyer, and concluded that while his conduct is subject to severe censure the petition should be denied and the rule discharged. The relator has filed a motion in this court for an order making the rule absolute.

From the evidence taken it appears that in 1915 respondent, a young lawyer, was married and that three children had been born as a result of the marriage. Up to about 1917 or 1918 it is shown that he was a man of temperate habits, of unquestioned honesty and had the confidence of the people generally, and was elected county judge of Marshall county in the latter year. By reason of his drink habit he became a drunkard, for which he took treatments in the spring and fall of 1919. In the fall of 1921, and in August, 1922, it is stated in the report, he was still taking a tonic for such habit and was making considerable progress toward ridding himself of the same. He was an attorney for a collection agency, and about the year 1921 he made seven collections, aggregating $678.87, none of which he had remitted to his client up to the time this information was filed. He had a valid excuse for delay on a portion of the collections and on others he had not. Demands were made upon him for said sums, but he made no remittances until after June 15, 1922, and pending the information. On the last named date his attorneys wrote the mercantile agency that they were ready to pay all of his bills, and did pay the same from moneys

received by him as a guardian *ad litem* fee. His habits of intoxication are admitted, as is also his failure to make remittances of his collections, as already stated; and the commissioner reports that his neglect to make the remittances at the times he should have done so was rather the result of commingling the funds collected by him with his own funds and spending the money while drinking than by reason of personal dishonesty.

The improper conduct of the respondent in this case that is charged and proved against him, the collection of moneys for his clients as attorney and his refusal or neglect to pay over the same on demand, is denounced by section 7 of our statute on attorneys and counselors. That section makes it the duty of this court to direct that the name of any attorney or solicitor be stricken from the roll of attorneys of this court when it shall be made to appear that such attorney or counselor is guilty of the conduct denounced by the statute. Habitual drunkenness, and inability to pay through lack of means as a result of such habitual intoxication, cannot be recognized by this court as a sufficient excuse or cause for an attorney to escape the condemnation and punishment required by the statute. This court has frequently said in cases of this character that an attorney occupies a fiduciary relation to his client; that confidence is not reposed in him by the public on account of his financial responsibility, but because he bears the certificate of this court that he is of good moral character and worthy to be trusted with the interests, business, property, and even the liberty, of those who require his services.

In *People* v. *Allen,* 244 Ill. 393, which was a case brought under the statute aforesaid, this court said: "It is true, as is said by the respondent, that it is a severe punishment to respondent to be deprived of his right to practice law. Still, it must be remembered by the respondent and all attorneys similarly situated that this court owes a duty to the people to see to it that the members of the legal

profession who are practicing law by virtue of a license issued by this court deal honestly and fairly with all persons who trust them in the capacity of attorneys at law, and that in case a member of that profession violates his obligation as an attorney at law and improperly neglects and refuses, upon demand, to turn over to his clients money which he has collected for them in his capacity as an attorney at law, it devolves upon this court to deprive him of his authority to practice law." It would be the duty of this court, in the absence of such a statute, to disbar any attorney or counselor found guilty of the conduct charged in this record. Such conduct is flagrant dishonesty, that cannot be excused on account of drunkenness or for any reason, and we have constantly and repeatedly refused to accept any excuse for such conduct, as will be found in the cases here cited. (*People* v. *Donovan,* 288 Ill. 555; *People* v. *Holt,* 279 id. 107; *People* v. *Smith,* 290 id. 241; *People* v. *Kwasigroch,* 296 id. 542; *People* v. *Pattison,* 241 id. 89.) Funds collected or received by an attorney for his client are trust funds, and it is the duty of such attorney to immediately pay them over to his client unless there is some legal reason for not doing so, as in cases where the title or possession of the client is questioned by another. Drunkenness is no excuse for the non-performance or malperformance of any legal services by an attorney for a client, and should such conduct become so habitual and continuous as to endanger clients in securing their legal rights it will be sufficient ground for disbarment.

The rule will be made absolute and the name of the respondent will be stricken from the roll of attorneys of this court.                    *Rule made absolute.*

Mr. JUSTICE HEARD took no part in this decision.