(No. 18060.—

THE PEOPLE *ex rel.* The Chicago Bar Association, Relator, *vs.* NEILL N. JOHNSON, Respondent.

*Opinion filed October 25, 1928.*

JOHN L. FOGLE, for relator.

MORRIS, CASHIN & DICKERSON, (EDWARD H. MORRIS, and EARL B. DICKERSON, of counsel,) for respondent.

Mr. JUSTICE HEARD delivered the opinion of the court:

Relator, the Chicago Bar Association, by leave of this court, at the December, 1926, term, filed an information for disbarment against respondent. The charge in the information was, that in the summer of 1919, during the occurrence known as the race riot in Chicago, Frank Fitzgerald, a negro, was seriously injured; that thereafter Fitzgerald employed respondent as his attorney, under a contingent arrangement as to fees, to prosecute his claim against the city of Chicago for damages because of such injury; that the arrangement or agreement between them was that respondent was to prosecute the claim and to receive one-third of the amount recovered, if any, for his fees in the matter; that thereafter respondent brought suit against the city, and by consent of the city's representative a judgment was entered in the superior court of Cook county in March, 1923, for the sum of $3500 in favor of Fitzgerald; that on May 10, 1923, the city comptroller delivered to respondent and Fitzgerald two vouchers, one for $13.90 and the other for $3511.75; that the checks were endorsed by Fitzgerald and deposited by respondent in a savings account in the Central Trust Company Bank; that thereafter respondent paid Fitzgerald $764, and, though frequently requested to pay the balance due Fitzgerald, has failed to do so and has converted to his own use the balance of the money belonging to Fitzgerald. Respondent filed his answer to the information and admitted his employment by Fitzgerald, the commencement of the suit, its settlement and the receipt of the two checks; denied that he deposited the entire amount in his savings account, but states that he took Fitzgerald to the Central Trust Company Bank and cashed the checks

and paid over to Fitzgerald at that time $800 in cash and deposited the remaining $2725.65 in his bank account at the request of Fitzgerald; alleges that on June 5, 1923, he paid to Fitzgerald $1700 in cash and that Fitzgerald then gave him a receipt in full for the sum of $2500 and he then destroyed the receipt which Fitzgerald had given him for the $800 previously paid. He denied that he had converted to his own use any money belonging to Fitzgerald. At the April term, 1927, the matter was referred to a master in chancery of the superior court of Cook county as commissioner to take the evidence and to report his findings and conclusions thereon. The commissioner proceeded to take the testimony and filed his report. He found the issues against relator and recommended that the rule be discharged. Relator filed objections and exceptions to the commissioner's report and brought the entire record to this court at the June, 1928, term.

Respondent is a college graduate, having been educated at the Nebraska and Wisconsin universities and has been admitted to practice as an attorney at law both in Nebraska and Illinois. In speaking of his record prior to this accusation relator in its brief says: "Johnson made a good record for himself in the University of Nebraska. When he came to Chicago after the war he brought with him the good will and good wishes of the men with whom he had been there associated. It does not appear in the record of this case but it is within the knowledge of the officers of the relator, and we should, and do not hesitate to, give him the benefit thereof, that several members of the bar of Nebraska gave him letters of recommendation in which they spoke of him in high terms. He volunteered his services to our country immediately upon our entry into the Great War. He fitted himself for duty, obtained a commission as lieutenant, and so far as is known faithfully performed his duties and was honorably discharged from the army at the close of the war." While previous good character

should not be allowed to control the decision of the court in a matter of this kind, it is a matter to be taken into consideration. *People* v. *Donovan*, 288 Ill. 555.

The question involved in this case is purely one of fact, and no good purpose would be subserved by quoting and discussing the evidence in detail. The commissioner in his report states: "There is a sharp conflict in the testimony on many points. There is, however, no dispute as to the employment of Johnson or the amount realized in the settlement with the city of the matter in question. It also appears that Fitzgerald employed Mr. Johnson in other legal matters at law about the period he was engaged in the performance of legal services out of which this information grows. It may be noted that Fitzgerald claims that he agreed to pay Johnson fifty per cent of the amount realized in the settlement of said case for his services, while Johnson represents that he was to receive only thirty-three and one-third per cent of the amount collected for his services. The allegations of the information are supported by Fitzgerald, whose testimony is supported rather feebly in some minor details. Respondent testifies that he and Fitzgerald, according to a previous arrangement, went to the bank known as the Central Trust Company of Illinois, May 10, 1923; that the checks were endorsed by Fitzgerald, when $3525.65 was paid by the bank; that Fitzgerald received $800 of said amount, giving Johnson a receipt therefor, and that he also requested Johnson to retain the balance for him until a later date. Johnson's bank book shows that on that date he deposited in the savings department of said bank the sum of $2725.65. That afterwards, on June 5, 1923, the respondent and Fitzgerald, by previous agreement, again appeared at the bank. The respondent said he had money in his pocket; that he withdrew $600 from the bank, and together with what cash he had in his pocket he counted out and paid Fitzgerald $1700; that he took Fitzgerald's receipt for $2500 and destroyed the receipt for $800 which

he had taken from Fitzgerald on May 10, 1923. Harper L. Thompson says he knows both Fitzgerald and the respondent; that he was present on June 5, 1923, and saw that Johnson was counting some large bills; that Fitzgerald signed a receipt and took the money and put it in his pocket. The bank book shows that the respondent, Johnson, withdrew $600 on June 5, 1923. While the receipt for $2500, dated June 5, 1923, may be *prima facie* evidence of a fact and subject to explanation, yet no satisfactory excuse for its execution other than that claimed for it has been given. It must be apparent that said receipt was at least good in so far as the amount is concerned that had been before that time paid to Fitzgerald. From a full consideration of all testimony adduced in this case and the circumstances surrounding the same, I find that the testimony necessary to support the charges set forth in the information is not of that clear, preponderating nature that would justify the master in finding that the charges had been proven."

The punishment to be inflicted by disbarment of an attorney is the destruction of his professional life. Only clear and satisfactory proof can justify a decision from which would flow consequences of such grave nature. (*People* v. *Harvey*, 41 Ill. 277; *People* v. *Matthews*, 217 id. 94; *People* v. *Thornton*, 228 id. 42.) The commissioner saw and heard the witnesses and was in a position to ascertain who was telling the truth. A careful consideration of the testimony leaves us unable to say that the charges set forth in the information filed against respondent have been sustained by the character of proof required to justify the legal conclusion of guilt. From such consideration we are of the opinion that the commissioner's conclusions were fully justified by the evidence, and the rule to show cause why respondent should not be disbarred is discharged.                    *Rule discharged.*